CORNELIA G. KENNEDY, Circuit Judge.
 

 The debtor, William Mitchell Dolin, appeals a denial of discharge from bankruptcy. This appeal presents the question whether chemical addiction and compulsive gambling satisfactorily explain the deficiency of the debtor’s assets in meeting his liabilities under 11 U.S.C. § 727(a)(5) and justify the debtor’s failure to keep records under 11 U.S.C. § 727(a)(3). We hold that they do not and affirm the District Court order which affirmed the decision of the Bankruptcy Court denying discharge.
 

 Dolin is a recovering cocaine addict and compulsive gambler who supported his lifestyle by withdrawing at least $500,000 over a three-year period from Chemically Speaking, Inc. (“CSI”) and more than $90,000 in less than a year from Carolar Corporation, two corporations of which he was the sole shareholder. From 1979 to 1982, Dolin wrote checks to himself or for cash on company bank accounts, but otherwise kept no records of his withdrawals. During this time he also drew an $80,000 annual salary from CSI. Three days before he and CSI filed separate bankruptcy petitions, Dolin withdrew $16,000 from that company’s bank account and repaid a drug dealer to whom he owed $20,000. Although he testified that he had always intended to repay what he had “borrowed,” he did not know how much money he owed. No loan agreements exist. Only the CSI checkbook reflects his withdrawals and those records are incomplete.
 

 The Bankruptcy Court refused to discharge Dolin’s debts because: (1) Dolin transferred property with intent to defraud his creditors under 11 U.S.C. § 727(a)(2) within one year before he filed his bankruptcy petition,
 
 see
 
 11 U.S.C. § 727(a)(7); (2) Dolin failed to keep any records from which his financial condition might be ascertained under 11 U.S.C. § 727(a)(3); and (3) Dolin did not “explain satisfactorily” the deficiency of his assets to meet his liabilities under 11 U.S.C. § 727(a)(5). The District Court issued an order affirming the decision of the Bankruptcy Court, but
 
 *253
 
 declined to reach the issue of whether Do-lin intended to defraud his creditors under 11 U.S.C. § 727(a)(2) since the other two reasons for denying the discharge applied and were sufficient. For the reasons stated below, we agree that the exceptions preventing the discharge of debts under 11 U.S.C. §§ 727(a)(5) and (a)(3) apply. Consequently, we also need not and do not reach the question whether Dolin had the necessary intent to defraud creditors under 11 U.S.C. § 727(a)(2).
 

 Title 11 U.S.C. § 727(a)(5) provides that a bankruptcy court may deny the discharge of debts when “the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor’s liabilities.” Dolin argues that his proven addiction to and dependence upon narcotics in the year preceding his bankruptcy and his compulsive gambling constitute satisfactory explanations for the deficiency of his assets to meet his liabilities. We cannot agree.
 

 The Bankruptcy Court held that Dolin’s general, unsubstantiated statements about his lifestyle did not “explain satisfactorily” the disposition of more than $500,000 in the three years preceding his bankruptcy.
 
 See Baum v. Earl Millikin, Inc.,
 
 359 F.2d 811, 814 (7th Cir.1966). We agree. Dolin could only allege that he had used the money to support his cocaine habit and to gamble. The actual expenditures, to whom and when made, are unknown. We recognize that Dolin would not want to keep records of his cocaine purchases and gambling because the drug purchases were illegal and the gambling may have been illegal. The mere fact that a debtor has spent money illegally does not satisfactorily explain the debtor’s deficiency of assets. In particular, we hold that neither Dolin’s chemical dependency nor his compulsive gambling satisfactorily explain his deficiency of assets. Consequently, the Bankruptcy Court did not err in denying the discharge of Dolin’s debts under 11 U.S.C. § 727(a)(5).
 

 The Bankruptcy Court also held that 11 U.S.C. § 727(a)(3) prevented the discharge of Dolin’s debts. Title 11 U.S.C. § 727(a)(3) provides that a bankruptcy court may deny the discharge of debts when:
 

 the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor’s financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.
 

 The Bankruptcy Court found that Dolin’s creditors were unable to ascertain Dolin’s financial condition and business transactions; that Dolin withdrew corporate funds for his personal use; that the withdrawal records which do exist do not indicate the ultimate disposition of the money; that Do-lin did not maintain books, accounts or records of his own personal affairs; that the only explanation of the disposition of his $80,000 annual salary and over $500,000 of corporate withdrawals in the three year period is the support of his gambling and cocaine addiction; that Dolin’s alleged difficulty in recording these transactions is unjustified and does not relieve him of his duty to maintain the required records.
 
 See In re Underhill,
 
 82 F.2d 258 (2d Cir.1936).
 

 Broad discretion is vested in the referee to grant or deny a bankruptcy petition based on a determination that books or records are adequate under the terms of the statute and the facts of each case_ Where the referee’s determination has been upheld by the District Court, it will not be overturned “except for the most cogent reasons.”
 

 McBee v. Sliman,
 
 512 F.2d 504, 506 (5th Cir.1975) (citations omitted). There was no evidence that either Dolin’s chemical dependency or his compulsive gambling interfered with his ability to keep records.
 
 [1]
 
 On
 
 *254
 
 this record, the Bankruptcy Court did not err in concluding that 11 U.S.C. § 727(a)(3) prevented the discharge of Dolin’s debts.
 

 Accordingly, we affirm the judgment of the District Court.
 

 [1]
 

 . Even if Dolin’s chemical dependency prevented him from maintaining records, we do not think that his addiction would justify the failure to keep records because a chemical addiction
 
 *254
 
 flows from a decision to use narcotics. Such a decision was, at least initially, voluntary.