884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Braxton DIXON, Debtor,
Jane B. FORBES, TRUSTEE, Plaintiff-Appellee,
v.
Braxton DIXON, Defendant-Appellant.
 No. 88-6297.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1989.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Braxton Dixon (Dixon), has appealed from the district court's decision in favor of plaintiff-appellee, Jane B. Forbes, Trustee (Trustee), affirming the bankruptcy court's conclusion which had denied Dixon's discharge from bankruptcy pursuant to 11 U.S.C. Secs. 727(a)(4)(A) and 727(a)(5). On April 18, 1984, Dixon filed a petition for relief under Chapter 13 of the Bankruptcy Code. This matter was converted to a Chapter 11 proceeding on August 16, 1984 and thereafter it was converted to a Chapter 7 bankruptcy proceeding. The bankruptcy and district courts concluded that Dixon had failed to adequately account for the disbursement of approximately $97,000 out of $150,000 which he had received in a settlement with the State of Tennessee in a condemnation proceeding in 1983.
 
 
 2
 "Title 11 U.S.C. Sec. 727(a)(5) provides that a bankruptcy court may deny the discharge of debts when the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liability." Dolin v. Northern Petrochemical Co. (In re Dolin), 799 F.2d 251, 253 (6th Cir.1986). Failure of the debtor to adequately explain the disappearance or shortage of assets is sufficient rationale for the bankruptcy court to deny discharge. Dolin, 799 F.2d at 253; NCNB National Bank v. Moore (In re Moore), 89 Bankr. 935 (Bankr.M.D.Fla.1988); Farmers National Bank v. Yokley (In re Yokley), 61 Bankr. 198 (Bankr.W.D.Ky.1986). "Denial of discharge in bankruptcy, if grounds exist, is within the discretion of the [bankruptcy] court." Citizens Bank v. Anglin (In re Anglin), 89 Bankr. 35, 36 (Bankr.W.D.Ark.1988). "[O]nce a party objecting to discharge has met the initial burden of proving the objection by producing evidence establishing a basis for that objection, ... the burden shifts to the debtor to explain satisfactorily the loss of the particular asset...." Manhattan Leasing System, Inc. v. Globick (In re Globick), 93 Bankr. 771, 775 (Bankr.M.D.Fla.1988); see also 4 Collier on Bankruptcy, p 727.08 (15th Ed. 1984). "The explanation furnished by the Debtor must be satisfactory and must be strong enough to convince the trier of fact." Manhattan Leasing System, Inc., 93 Bankr. at 775.
 
 
 3
 In the case at bar, Dixon testified that he received approximately $150,000 in the settlement agreement with the State of Tennessee and that $60,000 of that settlement was used to pay off creditors. On January 4, 1984, the remaining amount, approximately $97,000, was deposited into his checking account. Dixon's only explanation for the expenditure of that $97,000 was that it must have been used to pay off further debts. Neither Dixon nor his accountant provided further detail into the use of those funds. Dolin, 799 F.2d at 253 (Debtor's general unsubstantiated statements about his lifestyle did not satisfactorily explain the disposition of $500,000.); Farmers National Bank, 61 Bankr. at 200 (Vague, general and uncorroborated explanations concerning dispositions of missing money was insufficient to explain disposition of assets.); United States Fidelity Guaranty v. Delancey (In re Delancey), 58 Bankr. 762, 769 (Bankr.S.D.N.Y.1986) (Debtor's failure to offer any documentation corroborating his testimony regarding the disposition of cash received from the sale of furs and jewels was sufficient to deny discharge from bankruptcy.). Since Dixon failed to explain the use of the $97,000, except by a vague statement that it must have been used to pay off existing debts, the bankruptcy court which was affirmed by the district court properly denied Dixon's discharge from bankruptcy pursuant to 11 U.S.C. Sec. 727(a)(5).
 
 
 4
 Upon review of Dixon's remaining assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that the district court's determination affirming the bankruptcy court's denial of discharge was proper and is hereby AFFIRMED for the reasons stated in the district court's opinions of September 7, 1988 and October 25, 1988.
 
 
 
 *
 The Honorable Wendell A. Miles, United States Senior District Judge for the Western District of Michigan, sitting by designation