**In Re David J. WILCH, Debtor.**

**Louis J. YOPPOLO, Trustee, Plaintiff.**

v.

**David J. WILCH, Defendant.**

**Bankruptcy No. 92–3248.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 5, 1993.

Jonathan M. Jackson, Bowling Green, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Complaint Objecting to Discharge of Debtor and Defendant's Answer. At the Trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that pursuant to 11 U.S.C. § 727(a)(3), Defendant's discharge should be Denied.

## FACTS

Defendant has been employed at the Budd Company as a machine repairman since September, 1978. Prior to 1978, Defendant attended business school in Tiffin, Ohio for approximately one (1) year. While attending business school, Defendant took classes in accounting, business machines and marketing.

Judgment was rendered in Wood County, Ohio against the Defendant for Six Hundred Thousand and 00/100 Dollars ($600,-000.00) on October 16, 1991. On November 14, 1991, Defendant sold his 1990 Ford Ranger to his brother for Fifteen Hundred and 00/100 Dollars ($1,500.00). Defendant transferred title to his brother for less than the fair market value as payment in full for a claimed outstanding loan for which there is no written evidence. Also in November, 1991, Defendant sold to Donna Hatcher a boat for Seven Hundred and 00/100 Dollars ($700.00) and a 1984 Harley Davidson Motorcycle for One Thousand and 00/100 Dollars ($1000.00). Between September, 1991 and December 20, 1991, Defendant liquidated what he referred to as his entire life savings and obtained Thirty One Thousand Six Hundred Thirty Two and 04/100 Dollars ($31,632.04). Defendant claims that he contributed One Thousand and 00/100 Dollars ($1,000.00) of the liquidation proceeds to the Salvation Army. Defendant did not obtain a tax statement for this contribution.

With the exception of his experience playing the lottery, Defendant had never gambled. After conducting some research at the library on gambling, Defendant departed for Atlantic City with his entire life's savings. While in Atlantic City, Defendant intended to amass a fortune so that he could return and satisfy the judgment. Lady Luck thwarted his plans and according to Defendant, he lost his entire savings.

Defendant initially contemplated filing bankruptcy on December 29, 1991; however, his first contact with legal counsel was not until March 10, 1992. On March 12, 1992, Defendant sold a motorcycle for One Hundred and 00/100 Dollars ($100.00) and

on March 16, 1992, Defendant retained legal counsel. Defendant's petition under Chapter 7 of the Bankruptcy Code was filed on April 1, 1992. At the time that Defendant filed his petition, he had unsecured debts, not related to the judgment, totalling Nineteen Hundred Forty Three and 85/100 Dollars ($1,943.85).

## *LAW*

Section 727 of the Bankruptcy Code reads as follows:

### § 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

## *DISCUSSION*

Both parties concur that this case is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

■ Based upon the evidence presented, Defendant's discharge should be denied based upon 11 U.S.C. §§ 717(a)(3) and 727(a)(5). Section 727(a)(3) provides, in part, that a bankruptcy court may deny the discharge of debts when the debtor has failed to keep or preserve any recorded information from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case. This discharge objection imposes upon the debtor a duty to maintain records so that the creditors may be able to reconstruct debtor's financial status. *In re Dolin, id.,* (citing *In re Underhill,* 82 F.2d 258 (2d Cir.1958)). In determining the sufficiency of evidence, the court may consider the sophistication of the debtor. This inquiry should include the education, experience, and the volume of the debtor's business. *In re Wilson,* 33 B.R. 689, 692 (M.D.Ga.1983).

■ This Court finds from the evidence that Defendant has the acumen necessary to preserve and keep records. At trial, Defendant presented documentation, which he prepared, itemizing the property he liquidated prior to his trip to Atlantic City. The documentation showed that Defendant had invested in various mutual funds and certificates of deposits. Upon liquidation, his investments were transferred into cash totalling more than Thirty One Thousand and 00/100 Dollars ($31,000.00). Consequently, it is incomprehensible that Defendant's only recollection of how he spent his entire life savings is limited to a contribution made to the Salvation Army. The Court also finds it equally unreasonable that at least for tax purposes, Defendant would not have evidence of such a significant contribution. The Court further finds that based upon the evidence that Defendant has presented to the Court, Defendant's creditors are unable to reconstruct his financial condition. Given these circumstances and Defendant's educational background, this Court can not find that Defendant has any justification for his failure to maintain the appropriate records. Accordingly, Defendant's discharge should be denied.

■ Title 11 U.S.C. § 727(a)(5) provides that before the determination of denial of

discharge, a bankruptcy court may deny the discharge of debts to any debtor who fails to explain satisfactorily any loss or deficiency of assets to meet the debtor's liabilities. Defendant argues that his explanation regarding the gambling trip satisfactorily explains the loss or deficiency in his assets.

This Court finds that Defendant's explanation simply does not pass muster. Defendant, unsophisticated in the methods of gambling, liquidated his entire life savings and went on a trip to Atlantic City for purposes of parlaying his savings into a huge financial gain. Defendant's allegations are not substantiated by any evidence that he even went to Atlantic City or that he disposed of, by gambling, approximately Thirty Thousand and 00/100 Dollars ($30,000.00). Defendant has failed to explain satisfactorily the loss of assets and therefore Defendant's discharge should likewise be denied under 11 U.S.C. § 727(a)(5). *See In re Dolin*, 799 F.2d 251 (6th Cir.1986) (citing *Baum v. Earl Millikin, Inc.*, 359 F.2d 811, 814 (7th Cir.1966)).

In judging the credibility of the witness and the weight given to his testimony, this Court has considered the witness' age, intelligence, memory and demeanor while testifying. The Court has also considered the reasonableness of the witness' testimony in light of the evidence in the case and any interest, bias, or prejudice that he may have.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Defendant's discharge be, and is hereby, **DENIED.**