**UNITED STATES of America,**
**Third–Party Plaintiff,**

v.

**Robert LANDAU, Third–Party Defendant.**

**No. 90 Civ. 0384.**

United States District Court,
S.D. New York.

March 17, 1997.

Order Denying Reargument
March 28, 1997.

Wallace Musoff, Law Offices of Wallace Musoff, New York City, for Plaintiff.

Jeffrey Oestericher, Nancy Milburn, Asst. U.S. Attys., U.S. Attorney's Office, New York City, for Defendant/Third–Party Plaintiff.

Jerome Kamerman, New York City, for Third–Party Defendant.

## *OPINION AND ORDER*

WHITMAN KNAPP, Senior District Judge.

This is an action by the Government as third-party plaintiff against third-party defendant Robert Landau ("Landau") to reduce to judgment a $1,046,376.30 penalty assessed against him pursuant to 26 U.S.C. Section 6672 ("Section 6672"). Such penalty was assessed against Landau after his company, Robert Landau Associates Inc. ("RLA"), failed to remit to the IRS $1,046,376.30 it had withheld from its employees' paychecks during the first three quarters in 1984 ("the tax period").

At a jury trial, held in December of 1996, Landau's principal defense was that his extreme addiction to alcohol and cocaine de-

prived him of the ability to function in his normal capacity, or to comprehend the circumstances around him sufficiently to justify the assessed penalty. The jury found in Landau's favor. The Government has now moved pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law against him. In support of its motion the Government advances two separate theories: (1) that intoxication cannot as a matter of law be a defense to liability under Section 6672; and (2) evidence at trial overwhelmingly established that Landau was able effectively to exercise significant control over RLA's finances. For reasons that follow, the Government's motion is granted on the first theory. Accordingly, we have no occasion to consider the second.

It has been the Government's contention from the outset that intoxication—no matter what its extent—could not be a defense to the assertion that the intoxicated individual was a responsible person pursuant to Section 6672. At the outset we accepted this contention, but then reconsidered and concluded that the question should be left in the first instance to a jury so that it could be reviewed on a full record. At trial, over the Government's objection, we advised the jury that intoxication could be a defense, albeit "a very narrow defense;" and that it "could only be a defense if ... [it] meant that he didn't know and couldn't know what he was doing and had no capacity to remember." Tr. at 812–13. The jury found that Landau fell within this narrow definition, and was therefore not a responsible person. For present purposes, we assume that the evidence fully supports the jury's verdict.

## *DISCUSSION*

■ There is no Second Circuit—or as far as we can determine any—case precisely on point, i.e. determining one way or another whether intoxication can support a finding that a person was not "responsible" within the meaning of Section 6672. However, we believe that the sum total of all relevant decisions leads unerringly to the conclusion that it is legally impossible for intoxication—whatever its extent—to be the basis of such a finding.

■ As a general principal of criminal law, voluntary intoxication may only be a defense to crimes involving "specific intent"—a mental element greater than that of "general intent." *See, e.g., United States v. Torniero* (2d Cir.1984) 735 F.2d 725, 733 (intoxication is a defense only where it precludes formation of the *mens rea* constituting an element of the offense charged); *United States v. Klein* (8th Cir.1994) 13 F.3d 1182, 1183. By contrast, "[f]or general intent crimes evidence of voluntary intoxication is not an acceptable method of negating the required intent." *See, e.g., United States v. Bennett* (6th Cir.1992) 975 F.2d 305, 308 (citation omitted). By analogy, therefore, if a civil statute does not require proof of specific intent then voluntary intoxication may not be a valid defense. *See, e.g., Allstate Ins. Co. v. Sherrill* (E.D.Mich.1983) 566 F.Supp. 1286, 1288 (because voluntary intoxication may not be asserted as a defense to a criminal charge of robbery, kidnapping and sexual assault—general intent crimes—it could not be a defense in a civil action arising out of such conduct).

■ Moreover, intoxication due to an addiction to alcohol and cocaine—no matter how severe—is considered voluntary as a matter of law. *See, e.g., United States v. Williams* (3rd Cir.1989) 892 F.2d 296, 303 (excessive drinking by an alcoholic constituted voluntary intoxication); *In re Dolin* (6th Cir.1986) 799 F.2d 251, 253 n. 1 (drug use by addict was voluntary "because a chemical addiction flows from a decision to use narcotics. Such a decision was at least initially voluntary."); *United States v. F.D.L.* (8th Cir.1988) 836 F.2d 1113, 1117 (ingestion of drugs because of drug addiction is not involuntary); *In re Correa* (Bankr.N.D.Ill.1986) 58 B.R. 88, 90–91 ("debtor's drug addiction was a plight that resulted from his volitional conduct and ... provides no justification" against a finding that his failure to obey the court's orders was willful). Accordingly, Landau's alleged incapacitation due to his addiction must be assessed within the legal principles governing voluntary intoxication.

The question before us, therefore, is whether Section 6672 requires a showing of specific intent. Although we are only concerned with the responsible person element of Section 6672, and not willfulness, it would be anomalous to hold that intoxication may not be a defense to a finding of willfulness under Section 6672 but that it might be a defense to a finding that one was a responsible person. Thus, any decision on the question of whether or not willfulness under Section 6672 requires proof of specific intent is instructive on the precise question before us.

■ To establish the element of willfulness under Section 6672 the Government must prove that an individual acted voluntarily, knowingly, consciously and intentionally, as opposed to accidentally or mistakenly. *See, e.g., United States v. Rem* (2d Cir.1994) 38 F.3d 634, 643; *Kalb v. United States* (2d Cir.1974) 505 F.2d 506, 511. Knowingly—the term we used in our charge to the jury— "normally signifies a requirement of general, not specific intent." *See, e.g., United States v. Sneezer* (9th Cir.1990) 900 F.2d 177, 179. Moreover, willful conduct under Section 6672 "may also indicate a reckless disregard for obvious and known risks," and includes "failure to investigate or correct mismanagement after having notice that withholding taxes have not been remitted to the Government." *See, e.g., Kalb,* 505 F.2d at 511.

■ Specific intent crimes also require proof that the individual acted with bad purpose. *See, e.g., United States v. Phillips* (11th Cir.1994) 19 F.3d 1565, 1576–77. With respect to Section 6672, the case law is clear that "bad purpose or evil motive" in failing to collect and pay the taxes is not required for a finding of willfulness. *See, e.g., Monday v. United States* (7th Cir.1970) 421 F.2d 1210, 1216, *cert. denied* (1970) 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48); *Rem,* 38 F.3d at 643. Thus, it cannot be said that liability under Section 6672 requires a finding of specific intent. *See, e.g., Thomsen v. United States* (1st Cir.1989) 887 F.2d 12, 17; *Peterson v. United States* (N.D.Ill.1990) 758 F.Supp. 1209, 1216; and *Sfeir v. United States v. Melancon* (W.D.La.1989) 1989 WL 104782, at * 3 (collectively holding that "[l]iability under Section 6672 does not depend upon the presence of evil motive or *specific intent* to defraud the Government or deprive

it of revenue") (citations omitted, emphasis added).

Accordingly, voluntary intoxication may not as a matter of law negate an assertion that a person was responsible within the meaning of Section 6672, no matter the extent of that intoxication.

The two cases on which Landau relies are not to the contrary, *In re Keith,* (E.D.Va. 1978) 1978 WL 1160; and *Sherwood v. United States* (E.D.N.Y.1965) 246 F.Supp. 502. While both cases considered an individual's physical illness to be a possible justification for the failure to remit withheld taxes as required by Section 6672, both involved wholly involuntary conditions. In *Sherwood* the court found that the corporation's president was justified in not remitting the withheld taxes because illness, requiring hospitalization, effectively prevented him from acting in his corporate capacity. There was no suggestion that the illness had resulted from a voluntary act. 246 F.Supp. at 507. *In re Keith* involved a claim against an individual suffering from high blood pressure leading to severe kidney problems. 1978 WL 1160, at *3. Distinguishing the case from *Sherwood,* the court found that despite his physical illness there was no justification for his failure to remit the withheld taxes because except during a short period of time when he was hospitalized. Again, there was no suggestion that the illness resulted from a voluntary act. *Id.* at *7.

### *CONCLUSION*

Based on the foregoing, we find that Landau's addiction to alcohol and cocaine may not as a matter of law negate the conclusion that he was a responsible person during the relevant tax period. Accordingly, we grant the Government's motion for judgment as a matter of law against Landau. Let the Government submit a proposed judgment.

**SO ORDERED.**

### *MEMORANDUM AND ORDER*

This is an action by the Government as third-party plaintiff against third-party defendant Robert Landau ("Landau") to reduce to judgment a $1,046,376.30 penalty assessed against him pursuant to 26 U.S.C. Section 6672 ("Section 6672"). At a jury trial, held in December of 1996, Landau's principal defense was that his extreme addiction to alcohol and cocaine deprived him of the ability to function in his normal capacity, or to comprehend the circumstances around him sufficiently to justify the assessed penalty. The jury found in Landau's favor. The Government then moved pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law against him. In an Opinion and Order dated March 17, 1997 ("the Opinion"), we granted the Government's Rule 50(b) motion for judgment as a matter of law against Landau on the theory that intoxication cannot as a matter of law be a defense to liability under Section 6672.

Presently before us is a motion by Landau for an order granting reargument of the Opinion pursuant to civil Rule 3(j) of the Local Rules of the Southern District of New York. Landau, however, neither suggests the existence of a controlling decision, nor raises an argument, not previously considered by the court. Accordingly, the motion for reargument is denied.

**SO ORDERED.**