**In re Ramon E. GONZALEZ and Victoria M. Gonzalez, Debtors.**

**Rafael Mencia LISTER, and Tomasina de Mencia Lister, Plaintiffs,**

**v.**

**Ramon E. GONZALEZ and Victoria M. Gonzalez, Defendants.**

**Bankruptcy No. 88–00334–BKC–SMW.
Adv. No. 88–0291–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 16, 1988.

Juan C. Zorrilla, Tew Jordan Schulte & Beasley, Miami, Fla., for creditors.

Roberto F. Fleitas, Miami, Fla., for debtors.

Robert L. Roth, Miami, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the amended complaint of Rafael Mencia Lister and Tomasina de Mencia Lister (the "creditors") against Ramon E. Gonzalez and Victoria M. Gonzalez (the "debtors") seeking to bar the discharge of the debtors' debt to them, pursuant to 11 U.S.C. § 523(a)(2)(A), and generally objecting to the debtors' discharge, pursuant to 11 U.S.C. § 727(a)(2)(A) and (4)(A). The Court, having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the Following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a)(b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J) and 28 U.S.C. § 157(b)(3).

Based on this Court's ultimate determination that the debtors violated the all-encompassing provisions of 11 U.S.C. § 727(a)(2)(A) and (4)(A), and are not entitled to a discharge, it is not necessary to address the creditors' claim against the debtors under 11 U.S.C. § 523(a)(2)(A). The Findings of Fact are therefore limited to those relevant to the creditors' objection to discharge under 11 U.S.C. § 727(a)(2)(A) and (4)(A).

The debtors were principals of Royal Highness, Inc., ("Royal Highness") along with Ms. Jaramillo who had contributed between $150,000.00 and $200,000.00 to Royal Highness in 1985. In the latter part of 1985, Ms. Jaramillo requested the return of her investment from the debtors, but they were unable to return the funds at that time. Consequently, Ms. Jaramillo instituted suit in state court against the debtors in order to collect the money invested in Royal Highness.

Shortly after Ms. Jaramillo filed suit, the debtors mortgaged a six unit apartment building they owned in New Jersey to Money Investment Corporation ("M.I.C."), which was controlled by Ms. Jaramillo. The purpose of the mortgage was to secure the payment of a $164,000.00 loan from M.I.C. to the debtors. The mortgage to M.I.C., however, was never funded, and the mortgage was actually used to satisfy the debtors' antecedent debt to Ms. Jaramillo. As a result of the mortgage transaction, Ms. Jaramillo was put in the position of a secured creditor instead of an unsecured creditor of the debtors. The debtors did not record the mortgage until February 3, 1987, less than one year from the date the petition was filed on February 2, 1988.

Additionally, the debtors apartment building in New Jersey was generating approximately $1,200.00 per month in rental income. Less than one month prior to the filing of bankruptcy, the debtors withdrew $2,733.67 from their bank account in New Jersey, which funds represented rental income from the apartment building. Thereafter, the debtors filed for bankruptcy and did not list the rental income in their statement of financial affairs.

■ The creditors object to the debtors' discharge under 11 U.S.C. § 727(a)(2)(A) and (4)(A). A debtor is entitled to discharge under 11 U.S.C. § 727(a)(2)(A) unless "the debtor with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the debtor, within one year before the date of the filing of the petition." An intent to hinder, delay, or defraud a creditor may be imputed to the debtor where assets of substantial value are omitted from the debtors schedules.

*Crews v. Topping (In re Topping)*, 84 B.R. 840, 842 (Bankr.M.D.Fla.1988).

 Similarly, under 11 U.S.C. § 727(a)(4)(A) the Court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." The purpose of 11 U.S.C. § 727(a)(4)(A) is to insure that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information provided is true. *Van Roy v. Watkins (In re Watkins)*, 84 B.R. 246 (Bankr.S.D.Fla.1988); *see also Bologna v. Cutignola (In re Cutignola)*, 87 B.R. 702 (Bankr.M.D.Fla.1988). In addition, a false oath is "material" and sufficient to bar the debtor's discharge, "if it impairs the debtor's estate, concerns discovery of assets, or the existence and/or disposition of the debtor's property." *In re Watkins*, 84 B.R. at 250. Furthermore, even if the assets are worthless or unavailable to creditors, the debtor has an obligation of full disclosure. *In re Watkins*, 84 B.R. at 250. The reason behind this policy of good faith disclosure is that the veracity of the bankrupt's statements is essential to the successful administration of the bankruptcy code. *In re Watkins*, 84 B.R. at 250.

 The Court finds that the debtors' mortgaged their apartment building in New Jersey without any consideration given for the mortgage by M.I.C. in an attempt to satisfy their antecedent debt to Ms. Jaramillo to the detriment of other creditors. The debtors also recorded the mortgage within one year of their filing for bankruptcy in violation of 11 U.S.C. § 727(a)(2)(A). Additionally, the Court finds that the schedules and statements of financial affairs filed by the debtors contained false and material omissions. The debtors failed to disclose that they had been principals of Royal Highness. Also, the debtors failed to disclose Ms. Jaramillo's lawsuit against them despite the fact that it was pending at the time of the bankruptcy filing.

Moreover, the debtors gave false and misleading information with respect to the value of the New Jersey apartment building and they failed to disclose that it was generating approximately $1,200.00 in rental income. The debtors argued that they had failed to disclose the rental income on their statement because they were unaware the property was generating any rental income prior to the filing of the bankruptcy petition. However, the facts indicate that shortly before the filing for bankruptcy relief, the debtors withdrew $2,733.67 from their bank account in New Jersey, which represented rental income derived from the apartment building. The debtors' misrepresentations and nondisclosures in their statement of financial affairs and schedules constitute a false oath under 11 U.S.C. § 727(a)(4)(A).

Based upon the foregoing facts, the debtors' discharge is denied under 11 U.S.C. § 727(a)(2)(A) and (4)(A).

A separate Final Judgment of even date has been entered in conformity with the Findings of Fact and Conclusions of Law.

Done and Ordered.