In re Eli SOFRO and Lori Sofro, Debtors.

Milton Gene FRIEDMAN, Trustee, Plaintiff,

v.

Eli SOFRO, Defendant.

Milton Gene FRIEDMAN, Trustee, Plaintiff,

v.

Lori SOFRO, Defendant.

Bankruptcy No. 89–01018–BKC–SMW. Adv. Nos. 89–0530–SMW–A, 89–0557–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 26, 1990.

**990**

Gary J. Rotella, Rotella & Boone, P.A., Fort Lauderdale, Fla., for trustee.

Jerald A. Goldstein, Boca Raton, Fla., for debtors.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Milton Gene Friedman (the "trustee") against Eli Sofro and Lori Sofro (the "debtors"), pursuant to 11 U.S.C. § 727(a)(2)(A), (3) and (4)(A), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the Following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a)(b) and § 1334(b). This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

In March, 1989, the debtors filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code. In their schedules and statement of financial affairs, the debtors failed to disclose all the required information concerning their assets and liabilities. Namely, the debtors failed to disclose all income earned by them, all accounts owned by them and all transfers of property made by them within the one year period immediately preceding the filing of the petition.

The trustee filed a complaint against each of the debtors seeking to deny their discharge based on their failure to make a full disclosure on their petition. In the interest of judicial economy, the two adversaries were consolidated for trial before this Court.

Under 11 U.S.C. § 727(a)(2)(A) a debtor is entitled to a discharge unless, "the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated or concealed ... property of the debtor, within one year before the filing of the petition." The intent to hinder, delay, or defraud a creditor may be imputed to a debtor where the debtor fails to make a full disclosure of his liabilities in the petition for relief and omits assets of substantial value from the schedules. *In re Gonzalez*, 92 B.R. 960 (Bankr. S.D.Fla.1988); *Crews v. Topping (In re Topping)*, 84 B.R. 840, 842 (Bankr.M.D.Fla. 1988).

The evidence in this case indicates that the debtors' petition is replete with omissions and misinformation. Among the most egregious examples of the debtors' omissions are their failure to disclose their interest in three corporations wholly owned by Eli Sofro; their failure to disclose income received during the two years preceding the filing of the petition from the rental of property owned by the debtors; their failure to disclose three banking accounts owned by the debtors; and their failure to disclose a loan repayment made by them within the one year period immediately preceding the filing of the petition.

The debtors argue that their discharge should not be denied as there was no intent on their part to hinder or defraud their creditors. The debtors acknowledge that the petition and schedules contained omissions. However, the debtors contend that their failure to disclose all their assets on the schedules was the result of mistake and inadvertence. They assert that any omissions in the documents were not intentional but, rather, were the result of their limited understanding of the English language.

The Court finds that the debtors had a sufficient comprehension of the English language to understand what information was required to be disclosed on the schedules. The evidence demonstrates that Eli Sofro had owned and operated several companies engaged in the printing business. The petition and schedules contained omissions regarding Eli Sofro's interest in these companies. He had personally negotiated business deals and contracts, as well as several loans with lending institutions, on behalf of the companies. Each of these endeavors requires a proficient understanding of the English language. Additionally, the debtors were represented by bankruptcy counsel to assist them in filling out the petition, thereby, minimizing the likelihood of mistake or misunderstanding.

Moreover, the fact that the omissions were numerous and regarded assets of substantial value further evidences that the debtors' non-disclosure was intentional. At no time did the debtors make an attempt to amend their schedules so as to include the omitted information regarding their assets. A debtor's failure to properly amend the schedules is considered a reckless indifference to the truth which is the equivalent of fraud. *In re Alfonso*, 94 B.R. 777, 778 (Bankr.S.D.Fla.1988). Thus, the Court finds that the debtors, with the intent to hinder, delay, and defraud their creditors, attempted to conceal these assets by not disclosing them in their schedules.

Furthermore, the Court finds that the debtors made false oaths and accounts in their petition in violation of 11 U.S.C. § 727(a)(4)(A). A debtor has a paramount duty to consider all questions posed on a statement or schedule carefully and see that the question is answered completely in all respects. *In re Burke*, 83 B.R. 716 (Bankr.D.N.D.1988); *In re Dias*, 95 B.R. 419 (Bankr.N.D.Tex.1988). In order to deny a discharge under § 727(a)(4)(A), the trustee or creditor must prove that the debtor "knowingly and fraudulently, in or in connection with the case ... made a false oath or account." The purpose of § 727(a)(4)(A) is to insure that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the in-

**992**

formation is true. *In re Watkins,* 84 B.R. 246 (Bankr.S.D.Fla.1988). The debtors signed their petition and schedules under oath and the penalty of perjury that they had read the answers as required and that the same were true and correct to the best of their knowledge, information, and belief. However, the debtors intentionally failed to list numerous assets and transactions which they were intimately familiar with in their petition.

Finally, the debtors assert that Lori Sofro should not be denied her discharge as she is a housewife and unfamiliar with business affairs. The debtors rely on this Court's prior ruling in the case of *NCNB National Bank of Florida v. Eli Sofro and Lori Sofro,* 111 B.R. 1012 (Bankr.S.D. Fla.1989). In that case, this Court held that Lori Sofro could not be held liable under an agreement executed by her in which she guaranteed the debts of a corporation owned by her debtor husband. This Court reasoned that Lori Sofro had not negotiated the loan with the creditor and was unfamiliar with the business affairs of her husband's corporation. However, in the instant case, Lori Sofro gave false information regarding accounts owned by her and her husband, about income received by both, and about loan repayments made to her father. Her participation in the filing of the petition, and her execution under oath, hold her accountable for her misrepresentations on the schedules and statement of financial condition.

Because the Court finds that the debtors' non-disclosure constitutes a violation of § 727(a)(2)(A) and (a)(4)(A) so as to warrant a denial of discharge, this Court need not address the debtors violation of § 727(a)(3).

Based upon the foregoing facts, the debtors' discharge is denied under 11 U.S.C. § 727(a)(2)(A) and (4)(A).

A separate Final Judgment of even date has been entered in conformity with the Findings of Fact and Conclusions of Law.