**In re Barry Douglas HAUGHT, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Barry Douglas HAUGHT, Defendant.**

**Bankruptcy No. 96–01398–8P7.
Adv. No. 96–518.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 19, 1997.

John A. Galotto, Washington D.C., for Plaintiff.

Alberto F. Gomez, Tampa, FL, for Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this chapter 7 liquidation case is the challenge by the United States of America (Government) to the right of Barry Douglas Haught (Debtor) to the overall protection of the general bankruptcy discharge.

Although the original Complaint failed to set forth valid grounds for denying the Debtor's discharge, the Amended Complaint sets forth three separate Counts. In Count I, based on 11 U.S.C. § 727(a)(4)(A), the Government contends that, the Debtor committed a false oath in bankruptcy when he failed to respond to Questions 16 through 21 of the Statement of Financial Affairs.

Count II, based on 11 U.S.C. § 727(a)(3) alleges that the Debtor should not receive a discharge due to his failure to furnish information regarding books, documents, records and papers from which his financial condition might be ascertained. The Government contends that the Debtor concealed recorded information and such concealment was not justified under the circumstances of the case.

The Government asserts in Count III, based on 11 U.S.C. § 727(a)(6), that the Debtor is not entitled to a discharge because he failed to respond to Questions 16 through 21, therefore, he refused to answer those questions on a ground other than a properly invoked privilege against self-incrimination to respond to material questions approved by the Court (Government Exh. 20). At the commencement of the trial, counsel for the Government announced that it no longer intended to pursue the claim set forth in Count III of the Complaint. This leaves for consideration the remaining two claims set forth in Counts I and II of the Amended Complaint.

The facts relevant to the remaining issues as established at the final evidentiary hearing are basically without dispute and can be summarized as follows. On February 5, 1996, the Debtor filed his Voluntary Petition for Relief under Chapter 7, along with those documents required to be filed pursuant to F.R.B.P. 1007. The Debtor filed Official Form 7, Statement of Financial Affairs. He failed, however, to include in his Statement of Financial Affairs the pages which contained Questions 16, up to and including 21, and, of course, failed to furnish answers to those questions. It is without dispute that the Debtor executed this document under the penalty of perjury stating, "I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct." (Government's Exh. 1). There is no serious dispute that Official Form 7 contains the following statement after question 15:

The following questions are to be completed by every debtor that is a corporation or partnership or by any individual who is or has been, within the two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed. (An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

It is without dispute, and the Debtor admits, that during the relevant time he was,

and still is, an officer of Gold Star Health-Care, Inc. and D.D.B., Inc., in which he was a vice president. He was also involved in several other corporations in the years preceding the relevant period (Government Exh. 4).

The Government contends that these facts warrant a conclusion that the Debtor willfully omitted and failed to file the pages which contain questions 16 through 21; that the Debtor knowingly and fraudulently made a false oath in connection with the case; and that the Debtor concealed or failed to keep or preserve any recorded information in which his financial condition could be ascertained. Therefore, he is not entitled to a discharge by virtue of § 727(a)(4)(A) and § 727(a)(3) of the Bankruptcy Code, respectively.

Considering first the charge of the Plaintiff that the Debtor committed false oath in connection with his bankruptcy, the Government contends that had the Debtor filed these pages and truthfully answered the questions, the Debtor's answers the same would have revealed that the Debtor was an officer and director of several corporations during the years preceding the filing of his Petition for Relief.

■■■ The provision of the Bankruptcy Code dealing with discharge is the central and primary feature of the Code designed to assist debtors to obtain a fresh financial start in life. It is designed to give an individual debtor new opportunity in life in a clear field of future efforts. *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The provision, being remedial, has been traditionally construed liberally in favor of the debtor and strictly against one who challenged the debtor's right to the protection of the bankruptcy discharge. This being the case, the court should limit denial of discharge to those cases where the debtor's actions were truly blameworthy and the right is reserved to honest individual debtors. *In re Zell,* 108 B.R. 615 (Bankr.S.D. OH 1989).

■■■ The burden of proof is no longer the clear and convincing standard, but the preponderance of the evidence standard. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, the party challenging the debtor's right to discharge still must establish the operating elements of any of the specific grounds set forth § 727(a) of the Code, and the burden of proof is still on the plaintiff who filed the Complaint objecting to the debtor's discharge. To succeed under § 727(a)(4)(A), the Plaintiff must prove that (1) the debtor's oath was made knowingly and fraudulently, and (2) the false oath was related to a material fact. *In re Wasserman,* 33 B.R. 779 (Bankr.S.D.Fla. 1983).

Ordinarily, a false oath in bankruptcy is based on the allegation that the Debtor willfully and knowingly omitted an asset of some consequence from his Schedules or furnished an untruthful answer to the questions the Debtor is required to answer on the Statement of Financial Affairs. In the present instance, the false oath charged by the Plaintiff is not based on the allegation that he falsely answered any questions, but rather that he did not answer certain questions which he was required to answer.

■■■ It cannot be seriously disputed that the Debtor has an obligation to fully disclose all information relating to the administration of the estate. The veracity of the answers furnished by the Debtor is indispensable to the effective administration of the Debtor's estate. For instance, the Debtor is required to disclose an interest in an asset even if the asset is claimed to be worthless or unavailable to creditors because it is not for the Debtor to determine the importance or significance of a correct answer to the question. *In re Gonzalez,* 92 B.R. 960 (Bankr.S.D.Fla. 1988). Equally, the Debtor has a duty to answer all questions on the Statement of Financial Affairs completely and it is not for the Debtor to determine which of the questions are relevant or material. *In re Sofro,* 110 B.R. 989 (Bankr.S.D.Fla.1990); *In re Wines,* 114 B.R. 794 (Bankr.S.D.Fla.1990).

■■■ The Debtor does not dispute that, even at the time of the hearing, there was no amendment filed which furnished the missing pages with the questions and answers dis-

**272**

cussed. The Debtor contends, however, that because of the preamble of the Statement of Financial Affairs preceding Question 16, he was not required to file the pages and furnish the answers because he did not own more than 5% of voting securities in any corporation.

This Court is constrained to reject this explanation as satisfactory for the simple reasons that (1) the Debtor is not a *pro se* litigant and was represented by counsel when the Statement of Financial Affairs was prepared, signed and filed, and throughout the pendency of this case; (2) the Debtor is a well educated individual and his explanation totally lacks any persuasiveness; and (3) the language in the preamble is quite clear. The requirements to furnish the answers to Questions 16–21 are in the disjunctive and he, being a sophisticated businessman, should have clearly understood that anyone who was an officer or director in a corporation during the relevant time period, was required to furnish the answers. For the reasons stated, this Court is satisfied that the Debtor's explanation of his failure to file the questions and furnish the answers is totally lacking in credibility.

Having considered the entire record, including the applicable legal principles, this Court is satisfied that the Plaintiff did establish with the requisite degree of proof that the Debtor, in fact, committed false oath in connection with a bankruptcy case and, therefore, the discharge should be denied pursuant to § 727(a)(4) of the Bankruptcy Code.

In light of the foregoing it is unnecessary to consider the Plaintiff's claim based on 11 U.S.C. § 727(a)(3), for which claim the Government presented no evidence whatsoever.

A separate final judgement shall be entered in accordance with the above.