*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0006n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: OWEN SMITHERS and<br>  DEBORAH DIANE SMITHERS,<br><br>  Debtors.<br>_____<br><br>PHILIP A. LAROCCO and<br>GAIL F. LAROCCO,<br><br>  Plaintiffs-Appellees,<br><br>  v.<br><br>OWEN SMITHERS and<br>DEBORAH DIANE SMITHERS,<br><br>  Defendants-Appellants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 05-8037<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
Bankruptcy Case No. 03-65561; Adversary Case No. 04-2024.

Submitted: February 1, 2006

Decided and Filed: March 2, 2006

Before: PARSONS, SCOTT, WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:** Marshall D. Cohen, Columbus, Ohio, for Appellants. Michael D. Bornstein, RICKETTS CO. L.P.A., Pickerington, Ohio, for Appellees.

---

**OPINION**

---

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge. Owen Smithers and Deborah Diane Smithers ("Debtors") appeal a judgment barring them from receiving a discharge under 11 U.S.C. § 727(a)(4)(A) due to filing false and incomplete bankruptcy schedules. For the reasons that follow, we conclude that the order on appeal should be **AFFIRMED**.

## I.  ISSUE ON APPEAL

The issue presented is whether the bankruptcy court erred in barring Debtors from receiving a discharge under 11 U.S.C. § 727(a)(4)(A) due to Plaintiffs' alleged failure to carry their burden of proving the requisite fraudulent intent.

## II.  JURISDICTION AND STANDARD OF REVIEW

A bankruptcy court's judgment denying a debtor a discharge constitutes a "final" judgment, *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 721 (B.A.P. 6th Cir. 1999), so the order in question may be appealed as of right. 28 U.S.C. § 158(a)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel ("BAP"), and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). Accordingly, the BAP has jurisdiction to decide this appeal.

This Panel reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000). A bankruptcy court's finding of fraudulent intent is a factual finding that is reviewed for clear error. *See Groman v. Watman (In re Watman)*, 301 F.3d 3, 8 (1st Cir. 2002); *Brown v. Third Nat'l Bank (In re Sherman)* 67 F.3d 1348, 1353 (8th Cir. 1995); *see also United States v. Bonds*, 12 F.3d 540, 568-69 (6th Cir. 1993) (observing that the circuit court reviews for clear error the conclusions of the

2

district court as to reckless disregard for the truth and intent to deceive). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). If the bankruptcy court's factual determination is plausible in light of the record viewed in its entirety, a reviewing court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson,* 470 U.S. at 574.

## III.  FACTS

On January 20, 2004, Philip A. LaRocco and Gail F. LaRocco ("Plaintiffs") filed a Complaint Objecting to the Debtors' Discharge and for a Determination that the Debt Owed to Plaintiffs is Non Dischargeable. Count Three of the complaint sought to deny Debtors a discharge under 11 U.S.C. § 727(a)(4) for knowingly and fraudulently making false oaths by failing to disclose all of their assets and liabilities.[1] Debtors denied every allegation in the complaint.

The bankruptcy court conducted a trial on April 8 and May 19, 2005. During the trial, both Debtors testified that they owned three guns at the time their bankruptcy petition was filed. Mr. Smithers's testimony described the guns as a 12-gauge shotgun valued at $400, a 15-gauge pump shotgun valued at $125, and a 50-caliber muzzle loader purchased for $200. However, Debtors listed only the 12-gauge shotgun in their bankruptcy schedules and valued the shotgun at only $100. Mr. Smithers offered no explanation for why only one gun was listed in the bankruptcy schedules:

---

[1] The complaint also sought to deny Debtors a discharge under 11 U.S.C. § 727(a)(2) and a determination that their debt to Plaintiffs was nondischargeable under 11 U.S.C. § 523(a)(6). In addition, at trial, Plaintiffs were granted leave to amend the complaint to assert a claim of nondischargeability under 11 U.S.C. § 523(a)(4). The court granted judgment to Debtors on those three causes of action and Plaintiffs did not appeal. Accordingly, the Panel addresses only the § 727(a)(4) claim.

Q        I'm looking at Schedule B of your bankruptcy schedules and I see listed under firearms a .12 gauge shotgun in debtor's possession, $100.00, and then you have bicycles, fishing equipment, miscellaneous sports equipment. But I only see one gun listed. I believe your testimony was you had three guns at the time.

A        Yeah, I did have, let's see, yeah, I would have had three guns.

Q        So two guns were not listed on the schedules.

A        I didn't know that.

(J.A. at 165).  At the conclusion of the trial, the court made oral findings and conclusions, finding that all elements of 11 U.S.C. § 727(a)(4)(A) had been proven. Specifically, the bankruptcy judge found that Debtors' undervaluation of the 12-gauge shotgun in their bankruptcy schedules and their failure to disclose the two other guns constituted a false statement of material fact under oath, knowingly made with reckless disregard for the truth. The judge noted that Debtors had not amended their schedules properly to disclose the guns during the sixteen months between the filing of the complaint and the completion of the trial and that, had the omissions been the result of mere oversight or mistake, Debtors would have promptly corrected the schedules upon learning that the veracity of the schedules had been challenged. The court also found that Mr. Smithers was not a credible witness. Noting a series of inconsistent statements by Mr. Smithers, as well as his conduct in dealing with business assets, the court found that "Mr. Smithers' version of the truth is fluid and situational and is sculpted to meet his particular need at the time and under the particular circumstances." (J.A. at 254).

On May 24, 2005, the bankruptcy court entered a written judgment in favor of Plaintiffs on Count Three of their complaint. Debtors timely filed a notice of appeal on May 27, 2005.

## IV.    DISCUSSION

Section 727(a)(4)(A) of the United States Bankruptcy Code provides: "The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with

4

the case . . . made a false oath or account." The Sixth Circuit has enumerated the elements under this provision as follows:

> In order to deny a debtor discharge under this section, a plaintiff must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case. Whether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact.
>
> "'Complete financial disclosure'" is a prerequisite to the privilege of discharge. The Court of Appeals for the Seventh Circuit has explained that intent to defraud "involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression." A reckless disregard as to whether a representation is true will also satisfy the intent requirement. "Courts may deduce fraudulent intent from all the facts and circumstances of a case." However, a debtor is entitled to discharge if false information is the result of mistake or inadvertence. The subject of a false oath is material if it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."

*Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685-86 (6th Cir. 2000) (citations omitted); *accord*, *e.g.*, *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999). Debtors do not dispute that their schedule of personal property constitutes a statement under oath, that the statement was false in that they undervalued the 12-gauge shotgun and omitted the other two guns, or that the false statement was material to their bankruptcy case, that is, that the statement "concerns discovery of assets, business dealings or [the] existence or disposition of property." *In re Hamo*, 233 B.R. at 725 (citation omitted). Rather, they contend that Plaintiffs failed to carry their burden of proving both fraudulent intent and that Debtors knew the statement was false at the time of filing their petition.

Debtors assert that they were "unaware at the time of the filing that the statement was false, and that the false statement was made by mistake, or at the most, made through inadvertence." (Appellants' Brief, at 7.) In this regard, they rely solely on Mr. Smithers's testimony that he "did

5

not know that," when it was pointed out that he failed to disclose two of the three guns. "Often, the intent issue will turn on the credibility and demeanor of the debtor, and in such circumstances, we typically defer to the bankruptcy court's conclusions." *Groman v. Watman (In re Watman)*, 301 F.3d 3, 8 (1st Cir. 2002); *accord, e.g.*, *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir. 1987). The record does not establish that it was error for the bankruptcy judge to reject Mr. Smithers's testimony. Moreover, that testimony is itself consistent with a finding that Debtors acted recklessly since they should have known whether the papers they were signing under oath were correct and complete. *See, e.g., Lindley v. Lindley (In re Lindley)*, 121 B.R. 81, 90 (Bankr. N.D. Okla. 1990) ("A debtor has a paramount duty to consider all questions posed on a statement or schedule carefully and see that the question is answered completely in all respects.").

Debtors also argue that, even disregarding Mr. Smithers's testimony, a finding of fraudulent intent requires "objective indicia" thereof, without which the presumption of honesty prevails. Specifically, Debtors contend that, in assessing their intent, the bankruptcy court was required to consider (1) the value and quantity of the omissions, and (2) whether or not the debtor had a motive to omit the information. While the cases cited by Debtors do consider such factors, those cases neither mandate the consideration of such factors nor preclude the consideration of others. The Sixth Circuit Court of Appeals has made clear that bankruptcy courts must consider "all the facts and circumstances of the case" in determining whether a debtor acted with fraudulent intent. *In re Keeney*, 227 F.3d at 686. The bankruptcy court's finding of reckless indifference for the truth is supported by the undervaluation and omissions themselves, and the facts that Mr. Smithers was well aware of the value of the gun that was disclosed and that both Debtors were familiar with their ownership of the two guns that were not disclosed.[2] *See, e.g., In re Lindley*, 121 B.R. at 90; *Friedman v. Sofro (In re Sofro)*, 110 B.R. 989, 991-92 (Bankr. S.D. Fla. 1990) (both cases focusing on debtors' familiarity with omitted information). Moreover, Debtors made no effort to correct and complete the disclosures by the time of trial in April and May 2005, despite the fact that Plaintiffs' complaint, filed in January 2004, asserted that Debtors should be denied a discharge for "failing to

---

[2] The fact that Debtors did disclose ownership of one gun, albeit at 25% of its actual value, demonstrates that they were aware that they were obligated to list all firearms.

6

disclose all their assets and liabilities." *See Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992) (finding of reckless indifference to the truth was not clearly erroneous since there was more than one falsehood and debtor failed promptly to amend schedules when omissions were brought to his attention). In addition, depending on Mr. Smithers's demeanor on the witness stand, the bankruptcy court may well have interpreted his testimony that he did not know about the inaccuracy and incompleteness of the schedule to demonstrate the kind of cavalier attitude ("I don't know and I don't care") that is the quintessence of recklessness. *See*, *e.g.*, *Mosley v. Sims (In re Sims)*, 148 B.R. 553, 557-58 (Bankr. D. Ark. 1992) ("a mere 'glance over' [the schedules] constitutes a cavalier and reckless disregard for the truth which is inconsistent with the relief to be afforded the honest debtor"); Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 52(a) (in reviewing findings of fact, "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses").

While the quantity of false statements (three) and the quality of the false statements (failing to disclose $625 worth of assets) may not be great, Debtors did not provide the "complete financial disclosure" that, in this circuit and others, is a "prerequisite to the privilege of discharge." *In re Keeney*, 227 F.3d at 685. Moreover, Debtors had the same motive not to disclose assets as any debtor, namely to prevent the trustee from liquidating the assets. Debtors argue that each of the guns would be exempt, because Ohio Revised Code § 2329.66(A)(4)(b) and (d) provides for an exemption of $200 per gun per debtor. While it is true that none of the guns had a value in excess of $400, the statute also limits the total amount of exemptions claimed under § 2329.66(A)(4)(b) and (c) to $1,500 per debtor where, as here, the debtor has claimed a homestead exemption. Debtors claimed a total of $2,810 as exempt under § 2329.66(A)(4)(b) and (c), so $435 of the $625 in undisclosed guns would inure to the benefit of the estate. Moreover, an investigation by the trustee could conceivably reveal that the guns had values greater than the values to which Mr. Smithers testified at trial, thus the requirement that debtors must disclose all assets, even those that they believe are worthless or which are claimed exempt. *See Fokkena v. Tripp (In re Tripp)*, 224 B.R. 95, 98 (Bankr. N.D. Iowa 1998). By stating a minimal value for one gun and omitting the other two guns from their schedules, Debtors deprived the trustee of the incentive and opportunity to conduct such an investigation.

The bankruptcy court's finding of fact that Debtors knowingly understated the value of one gun and failed to disclose ownership of two others with reckless indifference for the truth of the schedules and, therefore, with the requisite fraudulent intent, was not clearly erroneous.

## V.  CONCLUSION

For the foregoing reasons, the bankruptcy court's judgment barring Debtors from receiving a discharge is **AFFIRMED.**