### In re Charles Wayne McMANUS, Debtor.

### Linda Lee Ehlers McMANUS, Plaintiff,

### v.

### Charles Wayne McMANUS, Defendant.

**Bankruptcy No. 89–02175–N–B.**
**Adv. No. 89–1444–N–B.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 4, 1990.

---

Robin L. Tolerton, Tolerton & Brown, Norfolk, Va., for plaintiff.

James R. Sheeran, Marcus, Santoro and Kozak, Portsmouth, Va., for defendant/debtor.

R. Clinton Stackhouse, Jr., Norfolk, Va., Chapter 7 trustee.

Debera F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

The Court considers to what extent a debtor with a drug addiction is responsible for his actions. The case comes before the Court on an objection to the discharge of the debtor, Charles Wayne McManus. Linda Lee Ehlers McManus, the plaintiff, alleges that the debtor should not be discharged from his debts because of multiple violations of 11 U.S.C. § 727.

Stipulations, testimony and exhibits establish the following facts. Charles Wayne McManus filed for relief under 11 U.S.C. Chapter 7 on June 13, 1989. It is undisputed that at the time of filing he was addicted to cocaine and other drugs. During the year preceding his filing for bankruptcy, he made in excess of $37,000.00, yet he has little or no documentation to explain how he spent it. He does admit that more than $15,000.00 was used during the year to support his drug habit.

When money wasn't available from his employment, he would borrow from the credit union. As a longshoreman, he had a payroll deduction plan set up where $3.00 an hour was withheld to pay into his credit union. Funds withheld in excess of his loan payment could be freely withdrawn. He regularly withdrew these funds and borrowed more. There are no records which would indicate that these funds were used for other than drugs. He claims to have used them to pay his mother rent, but testimony indicates that he would get his mother to give back money paid for rent. He deliberately failed to schedule the credit union as a creditor.

He sold his ex-wife's refrigerator for $250.00, but sent none of the proceeds to her. He sold a 1972 pickup truck for $100.00, $50.00 more than the homestead deed exemption, but failed to turn over any of the proceeds to the Chapter 7 trustee. Neither transaction was properly disclosed. These by themselves would not justify denial of discharge, but they are indicative of intent and recklessness.

During the preparation of the bankruptcy petition, the debtor was inattentive to detail. He claims that bank account and financial records were lost in moving or thrown away accidently. Debtor's counsel testified that the debtor was often unclear and imprecise in his answers to questions. However, undisputed medical records clearly indicate that the debtor was not impaired in his ability to distinguish truth at the time of his filing, even though he was depressed and drug dependent.

Plaintiff argues that the actions of the debtor during the year preceding his bankruptcy filing were with intent to hinder, delay and defraud creditors. The plaintiff further argues that the debtor's explanation of expenditure's during the year fails to satisfactorily explain the loss of assets in 1988 and early 1989 and that the debtor knowingly and recklessly failed to list all of his assets in his bankruptcy schedules and failed to answer questions truthfully at the first meeting of creditors.

The debtor responds that the errors and omissions in the completion of the bankruptcy schedules were of a *de minimis* nature and that no records other than lost check stubs and bank statements ever existed. It is further argued that any misstatements made under oath were unintentional and immaterial. Finally, the debtor argues that the refrigerator was not his property and, therefore, not property of the bankruptcy estate.

The effect of the debtors addiction and the results of his actions are far reaching. The debtor seeks to charge off as trivial

much of what he has done or failed to do. Gamblers and alcoholics are not excused from their actions and have been denied discharge in bankruptcy as a result of the effects of their debility. *Crider v. Jordan,* 255 F.2d 378 (4th Cir.1958); *McBee v. Sliman,* 512 F.2d 504 (5th Cir.1975). The Court finds that drug addicts are similarly situated. It is sad, but does not excuse responsibility.

It is a serious matter for the Court to consider denying the discharge of a debtor. The plaintiff has enumerated multiple grounds and presented conclusive evidence, clear and convincing, for denying the discharge.

Accordingly, the Court finds that the debtor's action in selling the pickup for more than the homestead exemption and using the funds for his personal expenses was with clear intent to hinder and delay creditors and the trustee in violation of 11 U.S.C. § 727(a)(2)(B). Even if the sale had been for only a penny more than the declared exemption, the debtor was required to report it to the trustee.

Clearly, the debtor converted the property of the plaintiff by selling the refrigerator in violation of 11 U.S.C. § 523(a)(6); however, the Court finds that the refrigerator was not the property of the debtor at the time of the sale and, therefore, not technically under 11 U.S.C. § 727(a)(2) or § 727(a)(4). The Court also finds the evidence insufficient to sustain the allegation that the debtor received a bonus check but later denied receiving it at the meeting of creditors in violation of 11 U.S.C. § 727(a)(4).

The Court does find that the debtor failed to disclose all of his assets and liabilities in his bankruptcy schedules in violation of 11 U.S.C. § 727(a)(3). The trustee is entitled to know all of the assets and the court holds debtors to the standard of the official form. More importantly, the Court finds that there was a clear intent not to list the credit union so that the debtor would be able to borrow money. This is indicated by his attempts to borrow additional funds in July, 1989, after he had filed. If debtors decide which creditors will be included in the bankruptcy and which will be omitted for convenience, the system becomes imperfect. It is a false oath to say all have been listed when this is knowingly and deliberately not so. 11 U.S.C. § 727(a)(4)(A).

Further, the Court finds that the evidence clearly and convincingly shows the debtor in violation of 11 U.S.C. § 727(a)(5). The debtor seeks to explain the $15,000 loss in his assets during the year preceding the bankruptcy as the cost of sustaining his drug habit. Income is an asset of an estate and a debtor has a clear obligation to account for its loss. There are no records or documentation for the $15,000 and the Court finds that there was a failure to preserve any records which may have existed. It is sufficient to show the debtor's failure to keep records from which his financial condition and his business transactions may be ascertained. *Crider v. Jordan, supra* at 379. The excuse of his drug addiction and dependency is not a satisfactory explanation for the loss of assets. *In re Dolin,* 799 F.2d 251, 253 (6th Cir.1986). Bankruptcy is a privilege and creditors are defrauded if considerable funds are missing and this is merely chalked off to a gambling spree, a toot or an addiction.

Accordingly, the Court, finding the debtor in violation of 11 U.S.C. § 727(a)(2)(B), § 727(a)(3), § 727(a)(4)(A) and § 727(a)(5), denies the discharge of any debts.

IT IS SO ORDERED.