**UNITED STATES of America, Appellee,**

v.

**Ronald L. LERCH, Appellant.**

**No. 92–1760.**

United States Court of Appeals, Seventh Circuit.

Argued April 1, 1993.

Decided June 4, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied July 7, 1993.

Nicholas Smith (argued), Plymouth, MI (Mark A. Warsco and James T. Young, on the brief), for appellant.

Andrew B. Baker, Jr., Asst. U.S. Atty. (argued), Dyer, IN (John F. Hoener, U.S. Atty., on the brief), for appellee.

Before POSNER and RIPPLE, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

TIMBERS, Senior Circuit Judge:

Appellant Ronald Lee Lerch appeals from a judgment entered on a jury verdict in the Northern District of Indiana, Allen Sharp,

* The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

Chief District Judge, convicting him of knowingly and fraudulently filing in connection with a bankruptcy proceeding a false statement of affairs and schedule of debts and assets as well as making false statements at a Section 341 hearing, all in violation of 18 U.S.C. § 152 (1988).

On appeal, Lerch contends that the court committed numerous errors during his trial and sentencing. Lerch also claims that the court erred in denying his motion to dismiss the indictment for preindictment delay.

For the reasons that follow, we reject Lerch's claims and we affirm the judgment in all respects.

### I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

The instant appeal arises from an audit by the Internal Revenue Service (IRS) of Lerch's tax returns for the years 1977 through 1981. The audit revealed that Lerch owed substantial taxes, penalties and interest. As a result, the IRS issued to Lerch four statutory notices of deficiency. Lerch responded by petitioning the United States Tax Court to contest the notices of deficiency. The tax court scheduled a trial for April 28, 1986.

In the meantime, Lerch was advised by his attorneys that the bankruptcy court would provide a more favorable forum in which to litigate his tax matters. Accordingly, on April 23, 1986, Lerch filed a Chapter 11 petition in the bankruptcy court which resulted in an automatic stay of the tax court proceedings. On April 25, the government filed a motion in the bankruptcy court to lift the automatic stay in order to allow the tax court trial to proceed as scheduled. The bankruptcy court granted the government's motion on April 28. Lerch appealed this decision to the district court, which affirmed the lifting of the stay. After unsuccessfully seeking a continuance, Lerch's case was tried in the tax court on May 1 and 2, 1986. In an opinion dated June 15, 1987, the tax court held that Lerch owed taxes and penalties totalling $350,000. We subsequently affirmed this decision on appeal. *Lerch v. Commissioner*, 877 F.2d 624 (7th Cir.1989).

Backing up for a moment, on May 14, 1986, Lerch filed a signed statement of financial affairs and schedules of property and debts with the bankruptcy court as required in Chapter 11 proceedings. Lerch had filled out the forms in his own handwriting before giving them to his attorney. The attorney, having been assured by Lerch that they were true and correct, typed them, had Lerch sign them, and filed them with the bankruptcy court. These forms, however, contained a number of false statements. In particular, Lerch greatly understated the value of his personal property at $3,005.28, falsely stated that he had no interest in any real property, and falsely stated that he had made no transfers or gifts of property in the previous year.

As required by Section 341 of the Bankruptcy Code, Lerch attended a hearing with his creditors on May 20, 1986. At the hearing, he was questioned under oath by his own attorney as well as by an attorney from the IRS. In response to questions from the IRS attorney, Lerch testified falsely that, to the best of his knowledge, his statement of affairs and property schedules were true and correct. Lerch also stated that he leased property for $300 a month from K. Araujo, an unrelated man from Brazil. In fact, Lerch owned the home and Araujo was his daughter.

After the IRS investigation indicated that Lerch was omitting property from his schedules, the government moved for a more detailed examination of Lerch's assets pursuant to Bankruptcy Rule 2004. The court granted this motion on July 7, 1986. Since the government was unable to obtain more information regarding Lerch's recent transfers of property, on July 10 it moved for the appointment of a trustee to oversee the possession and control of Lerch's assets and for injunctive relief to preclude Lerch from transferring any more of his property. On July 18, Lerch entered into a stipulation with the government under which he agreed to produce certain documents or provide specific written objections for not doing so, and to be examined in August. Faced with an examination of his assets and transfers, howev-

er, Lerch on July 21, 1986 moved to dismiss the bankruptcy proceeding and for relief from discovery. In an opinion dated August 2, the court denied Lerch's motion to dismiss, granted the government's motion for appointment of a trustee, and appointed a trustee to investigate possible fraud committed by Lerch.

On April 24, 1991, Lerch was indicted for filing in connection with his bankruptcy proceeding a false statement of financial affairs, a false schedule of debts and assets, and for giving false statements under oath at a Section 341 hearing, all in violation of 18 U.S.C. § 152. On July 10, 1991, Lerch filed a motion to dismiss the indictment on the ground of preindictment delay. The court reserved ruling on this motion until after trial. At his jury trial, Lerch's defense centered on his claim that he lacked the requisite intent since any errors in his testimony, schedule or statement of affairs were inadvertent. The jury, however, did not accept Lerch's explanation. On January 28, 1992, it convicted him on all counts. On March 2, the court denied Lerch's motion to dismiss for preindictment delay. On March 26, Lerch was sentenced to three concurrent five year terms of incarceration and a $15,000 fine. Judgment was entered on March 30.

On appeal, Lerch raises the claims stated above.

## II.

### (A) *Claims Arising From Trial*

■ Lerch asserts that the court's jury instructions improperly relieved the government of its burden of proving the requisite specific intent under 18 U.S.C. § 152. *United States v. Key,* 859 F.2d 1257, 1260 (7th Cir.1988) (under § 152 government must prove intent to defraud bankruptcy court). In particular, Lerch asserts that the court's instructions relieved the government of proving that he acted with knowledge that his statements were false. In assessing this claim, we view the instructions as a whole and will disturb them only if the issues were treated unfairly and inaccurately by the district court. *United States v. Campione,* 942 F.2d 429, 436 (7th Cir.1991).

■ At trial, the government had the burden of proving that Lerch "knowingly and fraudulently [made] a false declaration" in relation to the bankruptcy proceeding. 18 U.S.C. § 152. The court directly quoted the above element of § 152 and gave additional instructions regarding the issue of intent. Indeed, the court instructed the jury that "An act is done fraudulently if done with intent to deceive or cheat any creditor, trustee or bankruptcy judge. The prosecutor must also prove beyond a reasonable doubt that the act was done knowingly." Further, the court stated that the government must show that Lerch "made such ... statement under penalty of perjury knowingly and fraudulently". We hold that these additional instructions, together with the quoted instruction on the elements of § 152, adequately addressed the issue of intent. Viewing the instructions as a whole, it cannot be said that the court did not treat the issues of knowledge and intent fairly and accurately. *Campione, supra,* 942 F.2d at 436.

■ Lerch also contends that the court's instruction to the jury that he made "no timely request" to amend his schedules, statement of affairs or testimony, amounted to a directed verdict for the government on the issue of his intent. Lerch stresses that his attorney testified that he contacted the trustee and counsel for the IRS "early on" and offered to amend Lerch's petitions. At the time of trial, however, Lerch's attorney had not submitted any request, timely or otherwise, to the bankruptcy court to amend Lerch's schedules, statement of affairs or testimony. Further, the fact that the jury was told that no timely request to amend had been made did not amount to a directed verdict for the government on the issue of intent because it did not preclude the jury from considering Lerch's claim of inadvertence. Indeed, the court specifically instructed the jury that it could not find Lerch guilty if it found that he "act[ed] through ignorance, mistake, inadvertence or accident". Viewing the instructions as a whole, we hold that they were proper and did not amount to a directed verdict for the government on the issue of Lerch's intent.

■ Lerch further contends that the court also directed a verdict on count three of the indictment by instructing the jury that "nothing in the nature of the Bankruptcy proceedings ... would excuse this defendant from giving truthful answers to the questions asked" at the § 341 hearing. This statement, however, does not amount to a directed verdict on the issue of Lerch's intent because it was directed at the *nature* of a § 341 hearing and not at Lerch's intent. Indeed, the court told the jury that it was making "no reference at all to whether or not [Lerch] is guilty of the charge. That's for the jury to decide." Further, in view of testimony by Lerch's attorney that he did not consider the hearing a matter of record, the court properly sought to ensure that the jury did not interpret this testimony to mean that "testimony in [a § 341] hearing is some way immune from prosecution". Since the court instructed the jury thoroughly on the elements of § 152, and looking, as we must, at the instructions as a whole, *Campione, supra*, 942 F.2d at 436, we cannot say this statement amounted to a directed verdict for the government on the issue of Lerch's intent.

■ Lerch also asserts that the court abused its discretion in refusing to allow his attorney to define "reasonable doubt" during closing arguments. This claim need not detain us long. Lerch concedes that it is settled law in this Circuit that attorneys should not attempt to define reasonable doubt to a jury. *United States v. Langer*, 962 F.2d 592, 600 (7th Cir.1992) ("It has been, and continues to be, 'our opinion that ... defining reasonable doubt presents a situation equivalent to playing with fire.'"). In view of this settled precedent, as well as the fact that Lerch offers no compelling reason for us to reconsider its wisdom, we hold that the court did not abuse its discretion in prohibiting Lerch's counsel from defining reasonable doubt.

■ Lerch also asserts that the court abused its discretion in allowing the tax and bankruptcy court opinions entered in his prior proceedings to be introduced in evidence at the instant trial. In particular, Lerch says that these opinions were inadmissible because they were irrelevant and highly prejudicial. Fed.R.Evid. 401 and 403. In reviewing this claim, we are mindful of the special deference we accord to the evidentiary rulings of a trial court. *United States v. Kaden*, 819 F.2d 813, 818 (7th Cir.1987). Evidentiary decisions of the trial court will be reversed only where the court has abused its discretion. *United States v. Zapata*, 871 F.2d 616, 621 (7th Cir.1989).

■ As for the tax court opinion, we believe that, Lerch, in cross-examining the government's tax court attorney regarding the lengthy procedural history of the tax case, the civil fraud penalties discussed in the tax court's opinion, and the nonappearance of his attorney at that proceeding, "opened the door" for the opinion's admissibility. *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir.1988) ("curative admissibility" doctrine allows introduction of inadmissible or irrelevant evidence where other party opens the door), *cert. denied*, 489 U.S. 1084 (1989). Further, even if Lerch had not opened the door to the admission of the tax court opinion, both opinions were admissible under Fed.R.Evid. 404(b) as evidence of past wrongs. The opinions demonstrate Lerch's motive for hiding his assets by lying in his bankruptcy proceedings and his intent to avoid income taxes. The events underlying both opinions are also similar and close in time to the instant case, and their probative value is not substantially outweighed by unfair prejudice. *Zapata, supra*, 871 F.2d at 621. We hold that the court did not abuse its discretion in admitting the opinions in evidence at Lerch's trial.

■ Lerch also contends that, taken as a whole, the court's jury instructions were highly prejudicial, thus warranting reversal. This claim, which in essence is a combination of Lerch's unsuccessful claims discussed above, coupled with numerous additional claims, likewise fails. Having examined the court's instructions, we hold that they were consistent, legally proper, and not prejudicial to Lerch. To the extent that the instructions may have been erroneous, Lerch has failed to demonstrate that such errors were not harmless. *United States v. Verkuilen*, 690 F.2d

648, 655 (7th Cir.1982). Moreover, in view of the formidable evidence of Lerch's guilt, it is improbable that the alleged errors in the instructions prejudiced him. *Id.*

**(B)** *Claims Arising From Sentencing*

■ Lerch contends that the court improperly refused to make a factual finding on an allegedly disputed calculation found in his presentence report. The item in the presentence report to which Lerch refers, however, was not a loss figure for the offense as Lerch claims, but an estimate of Lerch's total unreported assets. Since this figure was not in dispute, the court did not abuse its discretion in refusing to make a factual finding on it at sentencing.

■ Lerch also asserts that the court improperly made payment of his tax liability a prerequisite to consideration of any future Fed.R.Crim.P. 35 motions for a reduction of his pre-guidelines sentence. Contrary to Lerch's assertion, however, the court did not make payment of his taxes a requirement for reducing his sentence. The court said only that it "may, repeat may" take into account Lerch's efforts to satisfy his tax liabilities when considering any motions for a reduction of his sentence. This statement in no way supports Lerch's claim that a reduction of his sentence was predicated on his efforts to repay his taxes. The court said only that it would *consider* evidence of rehabilitation and acceptance of responsibility if Lerch abandoned his efforts to avoid his tax obligations. Adopting Lerch's interpretation would be totally to misconstrue the court's remarks. We hold that the court clearly did not abuse its discretion in sentencing Lerch.

**(C)** *Claim of Preindictment Delay*

Lerch also claims that the court abused its discretion in denying his motion to dismiss the indictment for preindictment delay. While Lerch failed to set forth a legal basis for this claim in his brief, at oral argument he asserted that his claim was based on a violation of his right to due process. *United States v. Fuesting*, 845 F.2d 664, 667 (7th Cir.1988). Even if we accept due process as the basis for his claim, however,

Lerch has not carried his burden of showing a violation of his right to due process.

We have recognized two different standards for establishing a violation of due process by delay. *United States v. Koller*, 956 F.2d 1408, 1415 (7th Cir.1992). Under one test, Lerch has the burden of proving actual and substantial prejudice before the burden shifts to the government to show the reason for the delay. *Id.* Under the second test, Lerch has the burden of showing both prejudice and improper motive. *Id.* Here, since Lerch has not shown actual and substantial prejudice, nor improper motive, causing or resulting from the five year delay between the IRS investigation and the indictment, his claim fails under either test.

■ Lerch claims that the government's preindictment delay prejudiced him in that it caused his attorneys to forget many of the details surrounding the events at issue. In view of the fact that Lerch misled and failed to inform his attorneys of many of his actions involving the transfer of his property, however, he cannot now claim that he was prejudiced by the loss of memory by his attorneys. *United States v. Brock*, 782 F.2d 1442, 1444 & 1447 (7th Cir.1986) (prejudice cannot be shown through the loss of memory). Further, Lerch's claim is comprised of vague and speculative allegations which are insufficient to satisfy his burden of actual or substantial prejudice. *Fuesting, supra,* 845 F.2d at 669. Since Lerch did not demonstrate actual prejudice, we hold that the court did not abuse its discretion in denying his motion to dismiss the indictment for preindictment delay.

**III.**

To summarize:

We hold that the court did not commit any reversible errors during Lerch's trial or at his sentencing. We also hold that the court properly denied Lerch's motion to dismiss the indictment on the ground of preindictment delay. We affirm the judgment in all respects.

AFFIRMED.