**In re Larry R. & Johnnie F. GUAJARDO.**

**NATIONAL AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**Larry R. & Johnnie F. GUAJARDO, Defendants.**

**Bankruptcy No. 96–16010 S.**
**Adversary No. 96–6512.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Oct. 9, 1997.

---

J.B. Cross, Little Rock, AR, for Plaintiff.

Kathy Cruz, Hot Springs, AR, for Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the Complaint objecting to discharge, filed on April 16, 1996. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(J). The complaint states a cause of action under Bankruptcy Code section 727(a)(4). Specifically, the plaintiff alleges that the debtors made a false oath at his section 341(a) meeting.

 Section 727(a)(4), false oath or account, provides as follows:

The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account***

Thus, under section 727(a)(4), there are five elements to this cause of action:

(1) the debtor made a statement under oath;

(2) the statement was false;

(3) debtor knew the statement was false;

(4) the debtor made the statement with fraudulent intent;

(5) the statement related materially to the bankruptcy case.

*Gore v. Kressner (In re Kressner)*, 206 B.R. 303, 316 (Bankr.S.D.N.Y.1997); *see Gillickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294 (10th Cir.1997). The false oath may appear as an omission in the schedules or a false statement at an examination during the bankruptcy proceedings. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir.1992). Debtor is required to answer questions carefully, accurately, and completely. *Netherton v. Baker (In re Baker)*, 205 B.R. 125, 130

(Bankr.N.D.Ill.), *motion to vacate denied*, 206 B.R. 510 (Bankr.N.D.Ill.1997). Materiality means that the false oath bears a relationship to debtor's business transactions, the estate, or concerns the discovery of assets, business dealings, or the existence or disposition of property. *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir.1992); *Parnes v. Parnes (In re Parnes)*, 200 B.R. 710, 714 (Bankr.N.D.Ga. 1996).

 Mr. Guajardo was the sole owner of North Little Rock Plumbing and General Contracting, Inc., a business started twenty-eight years ago. He was the president and his wife was the secretary. On January 9, 1996, the debtors filed a bankruptcy case under Chapter 7 of the Bankruptcy Code. At the first meeting of creditors, noticed and held pursuant to Bankruptcy Code section 341(a), the following exchange took place:

Q: In the last three years except for ordinary gifts to family members or ordinary bills [did you] give a way money or property for any other reasons?

A: No, Sir.

And, later in the course of the examination:

Q: Does any body have anything that belongs to you?

A: No, sir.

 These responses were not true. On July 19, 1993, the debtors conveyed to Larry Steve Guacharo and John and Rhonda Zajac,[1] two pieces of real property. However, the Court does not believe that these statements were made with the requisite fraudulent intent as evidenced by the subsequent conversation during the same section 341(a) meeting. While it is true that a subsequent disclosure does not expunge the initial falsity of the oath, *Baker*, 205 B.R. at 132, mere mistake or inadvertence is not grounds for denial of a discharge, *In re Brown*, 108 F.3d 1290 (10th Cir.1997).

The initial questions, set forth above, were posed by the trustee with extreme rapidity, and the debtors responded with the same rapidity, apparently not even thinking about the content of the question. Soon after, when creditors posed questions, the debtors

---

1. Rhonda Zajac is the debtor's daughter.

volunteered the information that they had given the property to their children. Although their testimony was confused, they continued to try to explain this conveyance rather than conceal it. *Cf. In re Brown,* 108 F.3d 1290 (10th Cir.1997); *Ray v. Graham (In re Graham),* 111 B.R. 801 (Bankr. E.D.Ark.1990). Moreover, the corrections and explanations were made not only immediately but, as evidenced by their voices on the tape, voluntarily, to the creditors posing questions at the section 341(a) meeting. *Cf. In re Brown,* 108 F.3d at 1295 (subsequent testimony revealing information is strong evidence of innocent intent).

While the Court concludes that the debtors did not act with the requisite fraudulent intent to deceive, their remaining defenses deserve comment. The debtors assert that their children later sold the real estate and returned the funds to them. Since, they argue, the property was returned and the proceeds used to pay bills, there is no harm to creditors. First, there is no credible evidence to support the assertion that the property was later sold, that the funds were returned to the debtors, or even how the funds were spent. The debtors offered no proof other than the vague, uncorroborated statement of Mr. Guajardo that the children gave them the proceeds of a sale.

■] Second, debtors are incorrect in asserting a lack of harm. The Bankruptcy Code offers great relief to unfortunate and honest debtors, and the Code is liberally construed in their favor. Personal liability for debts is discharged, rendering the debts uncollectible. In return, the Bankruptcy Code requires disclosure of all interests in property, the location of all assets, prior and ongoing business and personal transactions, and, foremost, honesty. The failure to comply with the requirements of disclosure and veracity necessarily affects the creditors, the application of the Bankruptcy Code, and the public's respect for the bankruptcy system as well as the judicial system as a whole.

■] Third, harm, or lack thereof, is irrelevant. It does not matter under section 727(a)(4) whether or not any specific monetary harm resulted from the false oath. *Parnes v. Parnes (In re Parnes),* 200 B.R.

710, 714 (Bankr.N.D.Ga.1996) ("Detriment to creditors need not be shown"). Nor does the statute require, as debtors assert, a statement regarding an "amount of assets ... sufficient to trigger 11 U.S.C. § 727(A)(4)." *Parnes,* 200 B.R. at 714 ("[D]ebtor may not defend himself by claiming the assets omitted were worthless.... Creditors are entitled to judge for themselves what will benefit or prejudice them."). Thus, it is not for the debtors to determine what assets or transactions should be disclosed. The debtors must list all legal and equitable interests in all property, 11 U.S.C. § 521, and truthfully answer all questions, under oath, directed to them, 11 U.S.C. § 343; Fed.R.Bankr.Proc. 4002(1). It is not for the debtor to decide whether or not to list such an interest or whether it is important enough to be reported. Scimeca v. Umanoff, 169 B.R. 536 (D.N.J.1993), *aff'd,* 30 F.3d 1488 (3rd Cir. 1994). All assets and transactions must be reported, even if the assets are worthless or unavailable to creditors. *Barnett Bank of Tampa v. Muscatell,* 113 B.R. 72, 74 (Bankr. M.D.Fla.1990); *see Palatine National Bank of Palatine v. Olson,* 916 F.2d 481, 484 (8th Cir.1990).

Although the plaintiff effectively argued its case, based upon the tape recording of the section 341(a) meeting, the Court cannot conclude on that evidence alone that the debtors had the requisite fraudulent intent to deceive, 11 U.S.C. § 727(a)(4), when they made their statements to the trustee. Accordingly, it is

**ORDERED** that Judgment shall be entered dismissing the adversary proceeding.

**IT IS SO ORDERED.**