**In re George TRIPP, Rose Tripp, Debtors.**

**Habbo G. FOKKENA, Trustee, Plaintiff,**

v.

**George & Rose TRIPP, Defendants.**

Bankruptcy No. 97–03430–W.
Adversary No. 98–9027–W.

United States Bankruptcy Court,
N.D. Iowa.

Aug. 3, 1998.

Michael C. Dunbar, Waterloo, IA, for Debtors.

Habbo G. Fokkena, Clarksville, IA, Chapter 7 Trustee.

## ORDER RE: COMPLAINT TO DENY DISCHARGE

PAUL J. KILBURG, Bankruptcy Judge.

The above captioned matter came on for hearing on July 15, 1998 for Oral Arguments. Habbo Fokkena appeared as Chapter 7 Trustee. Michael Dunbar appeared on behalf of Debtors George and Rose Tripp. After the presentation of arguments by counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

### STATEMENT OF THE CASE

Debtors were arrested and charged with manufacture and possession of marijuana a few weeks after they filed their Chapter 7 petition. Trustee's adversary complaint requests denial of discharge under §§ 727(a)(2) and 727(a)(4), based on Debtors' failure to disclose their ownership of the marijuana on their bankruptcy schedules. There is no issue that some, if not all, of the drugs were in Debtors' possession prepetition. Debtors assert denial of discharge is not appropriate because omission of the marijuana from their schedules is not material to their bankruptcy case. They state the marijuana has no economic value which would benefit creditors. Debtors also argue that denial of discharge violates the prohibition against double jeopardy.

### FINDINGS OF FACT

The parties agreed at the scheduling conference that the issues are not fact intensive. They requested an opportunity to submit the case on oral arguments and briefs. Based on the arguments, briefs, and exhibits attached to the briefs, the Court makes the following findings of fact.

Debtors filed their Chapter 7 Petition on November 6, 1997. Officers of the Iowa State Patrol stopped Debtor George Tripp on December 22, 1997 while driving on a highway in Howard County, Iowa. Howard County Magistrate Mark Murphy issued a search warrant for Debtors' residence based on information the officers received during the traffic stop. Mr. Tripp had 1/4 ounce of marijuana in his pocket when the patrol officers stopped him. He volunteered that he possessed additional marijuana at his residence. Pursuant to the search warrant, the officers discovered 14 to 15 pounds of marijuana at Debtors' residence. Debtor Rose Tripp stated to law officers at the scene that she knew her husband had been growing marijuana on their property for two or three years.

Pursuant to Iowa Code § 124.401(a), both debtors were charged with manufacturing marijuana or possession with intent to manufacture and were separately charged with possession with intent to deliver marijuana. Debtor George Tripp pled guilty to both violations. He was sentenced to prison for up to five years. Debtor Rose Tripp pled guilty to manufacturing marijuana and received a deferred judgment with five years probation.

Trustee asserts the marijuana found at Debtors' residence is property of Debtors which they should have disclosed on their bankruptcy schedules. The parties agree that this property would be valueless in the hands of the Trustee. Marijuana is an illegal substance which cannot be sold by Trustee for distribution to creditors. The street value of the marijuana is undetermined. It is of minimal value if it is "ditch weed" or worth up to $900 per ounce, or a total of approximately $200,000 for the 14 to 15 pounds, if it is of higher quality.

### CONCLUSIONS OF LAW

Trustee asserts Debtors' discharge should be denied under § 727(a)(2)(A) because Debtors concealed their ownership of the marijuana. Trustee also argues discharge should be denied because of Debtors' false oath in failing to disclose their ownership of the marijuana on their schedules under § 727(a)(4)(A).

Under § 727(a)(2)(A), Trustee must establish that Debtors (1) concealed property, (2) which was property of debtors, (3) during one year prior to filing of the bankruptcy petition, (4) with intent to defraud the Trustee or creditors. Under § 727(a)(4)(A), Trustee must prove that:

1. Debtor made a statement under oath,
2. The statement was false,
3. Debtor knew the statement was false,
4. The statement was made with a fraudulent intent, and
5. The statement related materially to the bankruptcy case.

*In re Chaplin,* 179 B.R. 123, 127 (Bankr. E.D.Wis.1995); *In re Cook,* 40 B.R. 903, 905–07 (Bankr.N.D.Iowa 1984).

██ Both §§ 727(a)(2)(A) and 727(a)(4)(A) require fraudulent intent to support denial of discharge. "Fraudulent intent" exists where one makes a representation knowing it to be false "either with a view of benefitting oneself or misleading another into a course of action." *Black's Law Dictionary* 662 (6th ed.1990). "An act is done fraudulently if done with intent to deceive or cheat any creditor, trustee or bankruptcy judge." *United States v. Lerch,* 996 F.2d 158, 161 (7th Cir.1993) (approving definition of fraudulent intent in criminal bankruptcy fraud conviction), *cert. denied,* 510 U.S. 1047, 114 S.Ct. 697, 126 L.Ed.2d 664 (1994). An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some other person. *United States v. Sorrentino,* 190 B.R. 19, 22 (N.D.N.Y.1995) (defining intent in bankruptcy fraud trial based on false statements in petition and schedules). Under these definitions, an intent to deceive to gain personal benefit is sufficient to support a finding of fraudulent intent under § 727(a), even in the absence of specific financial detriment to creditors.

Debtors argue that failing to disclose their ownership of the marijuana does not relate materially to the bankruptcy case because the marijuana has no value in the hands of the trustee. The Eighth Circuit has provided the following standard of materiality:

> The subject matter of a false oath is "material", and thus sufficient to bar discharge, if it bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of [the debtor's] property.

*Mertz v. Rott,* 955 F.2d 596, 598 (8th Cir. 1992). The court found that the debtor's failure to disclose a state tax refund was material. *Id.* The tax refund of $1,358 constituted 5.8% of the debtor's assets and was claimed exempt. *Id.* It bore a relationship to the debtor's estate and concerned the existence of property. *Id.* Even if the tax refund would have no value to creditors because of its exempt status, the court found the debtor's failure to disclose it was grounds to deny discharge under § 727(a)(4)(A). *Id.*

██ The value of an asset may be relevant to whether it is material under § 727(a)(4)(A). *In re Olson,* 916 F.2d 481, 484 (8th Cir.1990). Value, however, is not necessarily determinative of materiality. *Id.* In return for the bankruptcy relief debtors receive through gaining a discharge,

> the Bankruptcy Code requires disclosure of all interests in property, the location of all assets, prior and ongoing business and personal transactions, and, foremost, honesty. The failure to comply with the requirements of disclosure and veracity necessarily affects the creditors, the application of the Bankruptcy Code, and the public's respect for the bankruptcy system as well as the judicial system as a whole.

*In re Guajardo,* 215 B.R. 739, 742 (Bankr. W.D.Ark.1997). It does not matter whether any specific monetary harm resulted from the false oath. *Id.* It is not for debtors to determine what assets or transactions should be disclosed; debtors must report all property interests, even if they are worthless or unavailable to creditors. *Id.*

██ The Code requires nothing less than a full and complete disclosure of any and all apparent interests of any kind. *In re Craig,* 195 B.R. 443, 451 (Bankr.D.N.D.1996). A debtor has an uncompromising duty to disclose *whatever* ownership interests are held in property. *Id.* "It is not for the debtor to pick and choose or to obfuscate [the] answers." *Id.*

The issue here is whether Debtors' failure to disclose illegally possessed property is material under § 727(a) to warrant denial of discharge. A lack of case authority exists on this issue. The Court is unable to find any cases directly on point and the parties have cited none. However, somewhat similar issues are raised in other contexts. These cases provide insights from which consistent themes emerge.

In *In re Gherman*, 103 B.R. 326, 331 (Bankr.S.D.Fla.1989), the debtor argued that missing cash he acquired through embezzlement was not property of the debtor or of the estate under § 727(a)(2)(A) because it was stolen. The court stated "I refuse to read § 727(a)(2) so literally as to deny discharge to an honest debtor while granting discharge to a thief." *Id.*

Courts denied debtors discharges under § 727(a)(3) for failure to keep accurate records in *In re Dolin*, 799 F.2d 251, 253 (6th Cir.1986), and *In re Watson*, 122 B.R. 476, 481 (Bankr.M.D.Ga.1990). In both cases the debtors used business cash to purchase cocaine. The courts recognized the debtors would not want to keep records of illegal purchases of drugs. *Dolin*, 799 F.2d at 253; *Watson*, 122 B.R. at 481. However, the mere fact that the debtors spent money on illegal drugs does not relieve them of their duty to maintain records. *Watson*, 122 B.R. at 481. In another case, the court denied discharge based on the debtor's failure to explain a loss of assets. *In re McManus*, 112 B.R. 773, 775 (Bankr.E.D.Va.1990). The court stated: "The excuse of [the debtor's] drug addiction and dependency is not a satisfactory explanation for the loss of assets. Bankruptcy is a privilege and creditors are defrauded if considerable funds are missing and this is merely chalked off to a gambling spree, a toot or an addiction." *Id.* (citations omitted).

Some similarity exists between concealing contraband assets or making a false oath in bankruptcy and failing to disclose income or making a false return in tax cases. It is axiomatic that failure to report income from illegal sources violates the taxpayer's duty to disclose all income. *See Levinson v. United States*, 969 F.2d 260, 265 (7th Cir.) (failing to declare embezzled funds constituted tax eva-

sion, resulting in nondischargeable debt), *cert. denied*, 506 U.S. 989, 113 S.Ct. 505, 121 L.Ed.2d 441 (1992); *United States v. Edwards*, 777 F.2d 644, 651 (11th Cir.1985) (understating income by not disclosing receipts from distribution of marijuana supports conviction for tax evasion and filing false returns), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 1645, 90 L.Ed.2d 189 (1986); *Capone v. United States*, 51 F.2d 609, 612 (7th Cir.) (finding false statements on returns where income from selling and transporting liquor greatly exceeded amount of income reported), *cert. denied*, 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566 (1931); *Berkery v. Commissioner*, 192 B.R. 835, 843 (E.D.Pa.1996) (finding debt arising from underreporting income by not disclosing income from sale of methamphetamine nondischargeable as willful attempt to evade taxes), *aff'd*, 111 F.3d 125 (3d Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 208, 139 L.Ed.2d 144 (1997).

### ANALYSIS

Under § 727(a)(2)(A), the record supports the conclusion that Debtors concealed their property, the marijuana, from the Trustee. Under § 727(a)(4)(A), the record supports the conclusion that Debtors knowingly made false statements under oath. Debtors' guilty pleas to the criminal charges establish proof of their ownership of the marijuana. Debtors answered "None" to questions on the schedules requiring disclosure of "Crops—growing or harvested" and "Other personal property of any kind." When Debtors signed their petition, they made an oath that the schedules reflected the truth. Debtors' failure to list the marijuana as their property on the schedules constitutes a false statement and concealment of property.

The Court concludes Debtors had fraudulent intent in failing to disclose their possession of marijuana. They had a motive to conceal the marijuana to avoid criminal prosecution and tax consequences. Further, while the drugs provided no financial benefit to creditors, Debtors stood to benefit from keeping the value of the illegal drugs to themselves. Debtors knew they illegally possessed marijuana and knew disclosing this property on their bankruptcy schedules

would be detrimental to their interests. Although there is no showing that creditors or the estate would have benefitted from disclosure of the marijuana, such a showing is not necessary to support a finding of fraudulent intent.

■ Finally, denial of discharge under § 727(a)(4)(A) requires that the false statement relate materially to the bankruptcy case. Under the *Mertz* standard, failing to disclose the marijuana relates to the discovery of Debtors' assets and the existence of their property. It is not determinative that marijuana, as an illegal substance, has no value to the Trustee and creditors.

Regardless of value, a failure to list assets has an impact on the bankruptcy estate in other areas. As an example, the Iowa Code provides that a drug dealer may not possess, distribute or offer for sale a controlled substance unless the tax imposed has been paid. Iowa Code § 453B.3 (1997). This chapter imposes a tax on processed and unprocessed marijuana. Iowa Code § 453B.7. It is fair to conclude that Debtors' possession of marijuana was taxable under these provisions and the Iowa Department of Revenue, as well as the IRS, may have creditor interests in the drugs.

The failure to disclose these drugs as assets is material to the estate. State tax on the marijuana is a single example, although other examples may well exist which demonstrate an impact on Debtors' estate. It is the prerogative of the Court, the Trustee, and the creditors to evaluate an asset's impact on the estate. Debtors' failure to list this asset prevented such an evaluation and is improper. It is the conclusion of this Court that the existence of the marijuana in Debtors' possession is material to the state of their financial affairs.

Debtors have an unconditional duty to disclose all their property interests. The fact that the property arises from criminal or illegal conduct does not justify Debtors' failure to comply with the Code's requirement of full disclosure. Obviously, this places Debtors in a difficult dilemma. They must choose between two undesirable consequences, disclosing criminal drug possession or losing the right to a discharge in bankruptcy. However-

er, it is a self-created dilemma. A person who possesses illegal substances and seeks to receive a bankruptcy discharge must be prepared to deal with the consequences, criminal or otherwise, arising from full disclosure of all interests in property. Debtors improperly preempted Trustee and creditors from gaining complete knowledge of all property interests on which to base their own determination of what action to take.

## DOUBLE JEOPARDY

■ Debtor argues denial of discharge is an enhanced penalty in violation of the prohibition against double jeopardy. The Supreme Court has stated that a disproportionately large civil penalty can be punitive for double jeopardy purposes. *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 784, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (finding $900,000 in marijuana tax assessments violated double jeopardy clause of the Fifth Amendment).

■ This Court concludes that denial of Debtors' discharge does not constitute an enhanced penalty attached to their criminal sentences for manufacturing marijuana. Debtors have no right to receive a discharge. Under the present circumstances, Debtors forfeited that right by failing in their duty of complete disclosure and honesty. Denial of discharge results in neither imprisonment nor a monetary penalty and does not constitute a second punishment for Debtors' crimes.

A similar issue was addressed in *In re Chaplin,* 179 B.R. 123, 128 (Bankr.E.D.Wis. 1995) (denying discharge after debtor was convicted of bankruptcy fraud and perjury).

> [D]enial of discharge is not a second punishment for the same offense. Bankruptcy proceedings are civil in nature. A denial of discharge results in neither imprisonment nor a monetary penalty.... A discharge in bankruptcy is not a constitutional right.

The court noted that the fresh start is reserved only for the "honest but unfortunate debtor," and the debtor did not fit into that

category. *Id.* This Court agrees with that analysis.

WHEREFORE, Trustee's Complaint to Deny Discharge is GRANTED.

FURTHER, discharge is denied under both §§ 727(a)(2)(A) and 727(a)(4)(A).