# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6033NI

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Vicki Jo Bauder, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Michael W. Ellsworth, | * | |
| | * | Appeal from the United States |
| Plaintiff - Appellee, | * | Bankruptcy Court for the Northern |
| | * | District of Iowa |
| v. | * | |
| | * | |
| Vicki Jo Bauder, | * | |
| | * | |
| Debtor - Appellant. | * | |

_____

Submitted: October 15, 2005
Filed: November 14, 2005

_____

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's June 20, 2005 memorandum decision denying the Debtor's discharge under 11 U.S.C. § 727(a)(4). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we reverse the court's decision.

# I. STANDARD OF REVIEW

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."[1]  The bankruptcy court's determination that the Debtor knowingly and fraudulently made a false oath or account under 11 U.S.C. § 727(a)(4)(A) is a factual determination which is reviewed for clear error on appeal.[2]

# II. BACKGROUND

The essential facts of this appeal are not disputed, although their interpretation is.

The Debtor, Vicki Jo Bauder, is 52 years old.  Her formal education does not extend beyond the eleventh grade, and based on her uncontradicted testimony, she suffers from adult attention deficit disorder, depression, and anxiety.  The Plaintiff, Michael W. Ellsworth ("Ellsworth"), is Bauder's former boyfriend.  He lived with Bauder intermittently from sometime in 2002 to September of 2003.

Bauder filed for protection under chapter 7 of the bankruptcy code on March 10, 2004.  She listed the following property on her original schedule of personal property: household goods valued at $575; wearing apparel valued at $300; a pension valued at $15,595.78; tax refunds and accrued wages of $1,000; and a 1999 Grand Prix automobile valued at $3,700.  The Debtor claimed exemptions for all of this property, except for the automobile.

---

[1] Fed. R. Bankr. P. 8013.

[2] *Korte v. United States Internal Revenue Service* (*In re Korte*), 262 B.R. 464, 470 (B.A.P. 8th Cir. 2001); *Cepelak v. Sears* (*In re Sears*), 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000).

On April 19, 2004, the Debtor attended her § 341 meeting of creditors.[3] Nine days later, she amended her schedules to disclose additional personal property in her possession,[4] several items of property in her possession that she held for another, and a diamond ring valued at $300, which she indicated was in her daughter's possession.[5]

Ellsworth filed the underlying adversary proceeding the day after the Debtor amended her schedules. Ellsworth alleged that the Debtor had omitted from her (original) schedules various pieces of personal property,[6] including the diamond ring listed in her amended schedules. At trial, the Debtor provided various explanations why property was omitted from her original schedule of personal property. With regard to the diamond ring, the Debtor testified that she didn't list it in her original schedules because she had previously given it to her daughter for safekeeping and forgot about it when she filled out her original schedules. She also testified that she didn't list it because an "office employee" at her attorney's office told her that she only had to list property in her possession. Regarding the ring's value, the Debtor did not dispute that Ellsworth purchased it for her for about $1,000, but she explained that it had fallen into disrepair – a diamond was missing and several prongs were bent – and that a pawn shop told her it was only worth three or four dollars. She estimated

---

[3] As discussed below, the Plaintiff's counsel's direct examination of the Debtor suggests that he questioned her about specific property, including the diamond ring at issue, at the § 341 meeting, but there is no actual testimony in the record elucidating what transpired at that meeting.

[4] Rule 1009 of the Bankruptcy Rules provides that schedules "may be amended by the debtor as a matter of course at any time before the case is closed."

[5] Because the court based its holding solely on the Debtor's failure to list the diamond ring in her original schedules, it is not necessary to list the other property disclosed on the amendment to her bankruptcy schedules.

[6] The list of omitted property referenced in the Plaintiff's adversary complaint is not part of the record.

3

its value at $300, although she claimed that it really only had sentimental value. The Debtor testified that she disclosed the ring on her amended schedules because she learned (presumably after the § 341 meeting) that she had to list property she owned even though it was in the possession of another, and her daughter reminded her of the ring when they filled out the Debtor's amended schedules together.

## III. DISCUSSION

Under 11 U.S.C. § 727(a)(4)(A), a debtor shall be granted a discharge unless "the debtor knowingly and fraudulently, in . . . the case – made a false oath." To bar discharge, the false oath must be material.[7] The subject matter is material if it concerns the discovery of assets or the existence and disposition of estate property.[8] Intent under § 727 can be established by circumstantial evidence.[9] Statements made with reckless indifference to the truth are regarded as intentionally false.[10]

The court based its denial of the Debtor's discharge solely on the Debtor's failure to list a diamond ring on her original schedules.[11] "Bauder's schedules were knowingly false because she failed to list her ownership in the diamond ring."[12] The court reached this conclusion after determining that her explanations for not listing the ring were not credible and were "contradictory."

---

[7] *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir.1992).

[8] *Id.*

[9] *In re Korte*, 262 B.R. at 474.

[10] *Id.*

[11] The Court also noted its concern over what it interpreted as an improper attempt by the Debtor to conceal assets by discounting them as valueless (and, therefore, not necessary to be disclosed), but specifically stated that it did not decide the issues on the failure to list "valueless" property. Memorandum Decision, p. 8.

[12] *Id.*

While we recognize that courts should be given "due regard" to determinations of credibility and that this opinion ostensibly hinges on the Debtor's credibility, upon review of the record as a whole and in light of the yardstick of culpability required under § 727(a)(4) established in *In re Bren*,[13] we are left with the distinct impression that the court committed clear error when it concluded that the Debtor knowingly and fraudulently made a false oath in the case.

First, the court found that "the fact that her reasons for not listing the ring contradict each other, detract from her credibility," but the court's discussion of that contradiction indicates that the court's assessment of her credibility on that point was based on an erroneous review of the record. Specifically, it appears that the court confused the Debtor's explanations of why she did not list other "valueless" property with the reasons given for why she failed to list the ring on her original schedules. The court found that the Debtor's testimony that the ring only had sentimental value was inconsistent with the decision to give it to her daughter to put it into a safe-deposit box – an action which the court interpreted as suggesting that the Debtor believed that the ring had significant economic value. But the Debtor never testified that she omitted the ring because it wasn't worth a lot, although she did offer testimony about its lack of value. Rather, the Debtor offered only two explanations for why she failed to list the ring on her original schedules: (1) because she believed that she only had to list items in her possession, and (2) because she forgot about the ring at the time she filled out her schedules. And those explanations are complementary, not contradictory. If the Debtor believed (even if in error) that she only had to disclose items in her possession, it is logical, and likely, that she might not recall items that were in another's possession. These explanations are even more plausible given the Debtor's limited education and affliction with attention deficit disorder.

Second, we find it problematic that the court did not give any weight to (or even mention) the fact that the Debtor disclosed the ring in her amended schedules shortly

---

[13] 122 Fed.Appx. 285, 289 (2004).

after the § 341 meeting of creditors and before this adversary was filed. A debtor's subsequent disclosure of an asset does not absolve a debtor from an initial omission, but depending on the circumstances, it may be evidence of innocent intent.[14] And in this case, we believe that it is – primarily because there is no evidence in the record regarding the impetus for the Debtor's subsequent disclosure of the ring. It is fair to assume that she disclosed it in response to something that occurred at the § 341 meeting, but the record is devoid of any indication as to what transpired at that meeting.[15] The Debtor testified that some time after the § 341 meeting she and her daughter went to the Debtor's attorney's office where her daughter assisted her in compiling the list of items to be added to the Debtor's schedules. Many of those items were in her daughter's possession. That testimony is consistent with the Debtor's testimony that she thought she didn't have to list things in other people's possession and the fact that the ring was in her daughter's possession.

---

[14] *See, e.g, Gullickson v. Brown* (*In re Brown*), 108 F.3d 1290, 1294 (10th Cir. 1997); *In re Kilson*, 83 B.R. 198, 203 (Bankr. D. Conn. 1988).

[15] The transcript does contain a statement by Plaintiff's counsel that he questioned the Debtor about "these items" at the § 341 meeting, but that statement does not constitute testimony or evidence. The Debtor's answers on direct did not confirm or contradict Plaintiff's counsel's statement.

The Plaintiff bears the burden of proof to establish fraudulent intent,[16] so in the absence of any evidence indicating that the Debtor's disclosure was not self-motivated, we take the Debtor's prompt disclosure of the ring on her amended schedules – filed *before* this adversary proceeding and as authorized by Bankruptcy Rule 1009(a) – to be evidence of the Debtor's innocent intent which the court failed to consider.

Third, we have reservations as to whether the omission, even if made knowingly, was material. The omission of property of trivial value is immaterial,[17] and the Debtor's testimony that the ring in its current condition is only worth a few dollars was uncontradicted.[18]

Finally, we are guided in our decision here by the Court of Appeals recent decision in *In re Bren*, where the Court granted a discharge to a significantly more sophisticated debtor who initially failed to list, but later disclosed prior to the filing of an objection to discharge, her interest in a "modest" inheritance, and who claimed ignorance of other significant omissions related to property and business dealings allegedly managed entirely by her husband.[19] Put simply, if Mrs. Bren qualifies for a discharge, then a person who has a limited education, who has attention deficit

---

[16] *In re Sendecky*, 283 B.R. 760, 762 (B.A.P. 8th Cir. 2002) ("The denial of a debtor's discharge is a 'harsh sanction,' therefore, the provisions of 11 U.S.C. § 727(a) are 'strictly construed in favor of the debtor.' The burden of proof is on the objecting party to prove each element of a section 727 Complaint by a preponderance of the evidence.") (citations omitted).

[17] *See In re Lebahn*, 2004 WL 726915, *4 (Bankr. N.D. Iowa 2004). *Cf. Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992) (holding that omission of exempt property is material even though the creditors are not affected by the omission).

[18] Even valued at $300, the omission is borderline immaterial.

[19] *In re Bren*, 122 Fed.Appx. at 289.

disorder and other mental/emotional problems, and who omits but then timely discloses a worthless ring from her schedules certainly should.

## IV. CONCLUSION

For the reasons stated above, we reverse the bankruptcy court's denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4), and remand for entry of an order of discharge.

SCHERMER, Bankruptcy Judge, Dissenting.

I respectfully disagree with the majority's conclusion that the bankruptcy court erred in denying the Debtor's discharge. I agree with the majority that the bankruptcy court's determination that the Debtor knowingly and fraudulently made a false oath or account under 11 U.S.C. § 727(a)(4) is a factual determination which is reviewed for clear error. Findings of fact shall not be set aside unless clearly erroneous. A finding is clearly erroneous when although there is evidence to support it the reviewing court is left with the definite and firm conviction that a mistake has been committed.[20] A reviewing court cannot reverse the trial court's findings simply because it is convinced that it would have decided the case differently.[21] An appellate court oversteps its bounds if it decides factual issues *de novo*.[22] If the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse even though it would have weighed the evidence

---

[20] *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511 (1985).

[21] *Id*.; *Handeen v. LeMaire* (*In re Le Maire*), 898 F.2d 1346, 1349 (8th Cir. 1990)(en banc).

[22] *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511.

differently.[23]  Furthermore, where there are two permissible views of the evidence, the trial court's choice cannot be clearly erroneous.[24]

Due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.  Fed. R. Civ. P. 52(a).  Accordingly, great deference must be given to the trial court when its findings turn on an assessment of credibility.[25] "[O]nly the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."[26]

In the instant case, the bankruptcy court's decision was based on its assessment of the credibility of the Debtor's testimony.  The Debtor gave three reasons why she did not list the diamond ring: she forgot about it because it was not in her possession; she was told she did not have to list items not in her possession; and it was essentially valueless.  Her reasons for not listing the ring are inconsistent.  If she had forgotten about the ring, she would not have asked if she needed to list it as property when it was not in her possession.  If she believed it had no value, why did she give it to her daughter to store in her safe deposit box?  The trial judge observed the Debtor as she testified and determined, based on her demeanor and tone, that she had knowingly and fraudulently failed to disclose the ring on her schedules which she signed under oath. Such a determination is not clearly erroneous.  The majority accept the Debtor's inconsistent explanations because, in part, the Debtor has a limited education and is afflicted with attention deficit disorder.  I respectfully disagree that the Debtor's inconsistencies in her explanations should be excused.  If a debtor has the capacity to attest under oath as to the truthfulness and accuracy of schedules, then the accuracy of such schedules should not be dependent upon one's education or condition.

---

[23] *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511.

[24] *Id.*

[25] *Anderson*, 470 U.S. at 575, 105 S.Ct. at 1512; *LeMaire*, 898 F.2d at 1349; *Cepelak v. Sears* (*In re Sears*), 246 B.R. 341, 352 (B.A.P. 8th Cir. 2000).

[26] *Anderson*, 470 U.S. at 575, 105 S.Ct. at 1512.

Accuracy of schedules "is fundamental because the viability of the system of voluntary bankruptcy depends on full, candid, and complete disclosure by debtors . . ."[27]

The majority relies heavily on the *Bren* decision in reaching its conclusion, noting that if Mrs. Bren qualifies for a discharge, this Debtor should too. I believe the majority puts too much emphasis on *Bren*. Although it is the most recent decision of the Eighth Circuit Court of Appeals on the subject of a false oath in bankruptcy, it is but one unpublished[28] split[29] opinion. Published precedent in this circuit makes it clear that in order for a false statement to bar a discharge, the false statement must be material.[30] The subject matter of a false oath is material and thus sufficient to bar discharge if it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."[31] The Debtor's failure to list the ring in her schedules clearly

---

[27] *In re Searles*, 317 B.R. 368, 378 (B.A.P. 9th Cir. 2004).

[28] Rule 28A(I) of the United States Court of Appeals for the Eighth Circuit states that unpublished opinions are not precedent and parties generally should not cite them. The rule contains an exception permitting reliance on unpublished opinions if the opinion has persuasive value on a material issue but only if no published opinion of the Eighth Circuit Court of Appeals or another court would serve as well. The Eighth Circuit Court of Appeals has published two other opinions directly on point: *Mertz v. Rott*, 955 F.2d 596 (8th Cir. 1992) and *Palatine Nat'l Bank of Palatine, Illinois v. Olson*, 916 F.2d 481 (8th Cir. 1990).

[29] One member of the three judge panel which decided the Bren case dissented, arguing that Mrs. Bren should have been denied a discharge. Both *Mertz* and *Olson* were unanimous decisions.

[30] *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *Palatine Nat'l Bank of Palatine, Illinois v. Olson*, 916 F.2d 481, 484 (8th Cir. 1990).

[31] *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984), quoted in *Mertz*, 955 F.2d at 598, and *Olson*, 916 F.2d at 484.

"concerns the discovery of assets" and the "existence of property" and is therefore material.

The fact that the ring may have minimal value does not render the Debtor's omission immaterial.  The Eighth Circuit Court of Appeals rejected that argument in *Olson*.  "While we are not prepared to say that value is irrelevant to materiality, we are certain that it is not determinative."[32]  The debtor's duty is to disclose **all assets**, not merely assets that the debtor believes have value.  The petition, schedules, and statements must be accurate and reliable.[33]  Trustees and creditors should not be required to dig out and conduct independent examinations to get the facts.[34]

---

[32] *Id*. As this court has previously stated, "an omission of a relatively modest asset will merit denial of discharge, if done with knowledge and fraudulent intent." *Cepelak v. Sears* (*In re Sears*), 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000).

[33] *Metz*, 955 F.2d at 598.  *See also, Korce v. United States Internal Revenue Service* (*In re Korce*), 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001), in which this court said:

> As § 727(a)(4)(A) makes clear, "[t]he Code requires nothing less than a full and compete disclosure of any and all apparent interest of any kind. *Phocaena v. Trip* (*In re Trip*), 224 B.R. 95, 98 (Bankr. N.D. Iowa 1998)(citing *In re Craig*, 195 B.R. 443, 445 (Bankr. D. N.D. 1996)).

The court added:

> The failure to comply with the requirements of disclosure and veracity necessarily affects the creditors, the application of the Bankruptcy Code, and the public's respect for the bankruptcy system as well as the judicial system as a whole.

(quoting *Nat'l Am. Ins. Co. v. Guajardo* (*In re Guajardo*), 215 B.R. 739, 742 (Bankr. W.D. Ark. 1997)).

[34] *Id*.

Bankruptcy provides debtors with a great benefit: the discharge of debts. The price a debtor must pay for that benefit is honesty and candor. If a debtor does not provide an honest and accurate accounting of assets to the court and creditors, the debtor should not receive a discharge. Section 727(a)(4) serves to ensure that only honest debtors receive the benefit of a discharge.

In my opinion the bankruptcy court did not err in its finding that the Debtor knowingly and fraudulently made a false oath. Since the bankruptcy court's decision is consistent with Eighth Circuit precedent, I would affirm.

_____